GILLETT, Appellant, vs. THE LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Respondent.

*December 5 — December 22, 1888.*

*Insurance against fire: Estoppel: Retention of policy without objection: Avoidance of policy by other insurance: Mortgagor and mortgagee.*

A mortgage provided that if the mortgagors failed to insure the property the mortgagee might insure the same, the expense thereof being added to the mortgage debt. The mortgagee applied to the defendant company for insurance on the property to secure his interest therein. The defendant issued the policy in suit, insuring the *mortgagors* against loss, but providing that the loss, if any, should be payable to the mortgagee as his interest should appear. The policy also provided that it should be void if the assured obtained other insurance on the property or any part thereof without consent, etc. This policy was delivered to the mortgagee, who paid the premium, and retained the policy without objection for nearly a year before the property was burned. *Held:*

(1) The mortgagee was bound by the stipulations of the policy.

(2) Subsequent insurance upon the property, obtained by and insuring the interest of *one* of the mortgagors, avoided the policy.

APPEAL from the Circuit Court for *Marathon* County. Action on a policy of insurance.

Plaintiff held a mortgage on certain real estate of M. A. York & Co., a firm consisting of Mrs. M. A. York and her husband, Solomon. The mortgage was given by that firm to secure an indebtedness of $2,000, which still remains unpaid. The principal value of the mortgaged premises was in a saw-mill situated thereon, and certain machinery and fixtures therein. This mortgage contained a covenant by the mortgagors to keep the buildings on the mortgaged premises insured for at least $2,500, and to assign the policies to the plaintiff as collateral security for the mortgage debt, and, in default thereof, the plaintiff was authorized to effect such insurance, the costs and expenses of which to be added to and become a part of the mortgage debt. The mortgagors having failed to obtain such insurance, the plaintiff, on September 7, 1883, procured from the defendant company the policy in suit. This policy insures M. A. York & Co. against loss of the insured property or damage thereto by fire, for one year, in the sum of $1,000. It contains a stipulation that the same shall be void "if the insured shall have, or shall hereafter make, any other insurance on the property hereby insured, or any part thereof, without the consent of this company written hereon." It permits $2,000 total concurrent insurance, and provides that "loss, if any, under this policy, payable to *J. D. Gillett, Esq.*, as his interest may appear."

In March, 1884, Mrs. York, without the consent of the defendant company, procured further insurance on substantially the same property, in several other insurance companies, amounting in the aggregate to $4,000. August 16, 1884, the insured property was destroyed by fire. In November, 1884, plaintiff furnished defendant company with proofs of loss, in which such insurance of $4,000, obtained by Mrs. York, is stated. The defendant refused to pay the insurance written in the policy, and the plaintiff brought this action to recover it.

The foregoing facts are conclusively established by the pleadings and the testimony on the trial, to which further reference is made in the opinion. The circuit judge directed the jury to return a verdict for the defendant, which they accordingly did. A motion for a new trial was denied, and judgment entered for the defendant pursuant to the verdict. The plaintiff appeals from the judgment.

The cause was submitted for the appellant on the brief of *Silverthorn, Hurley, Ryan & Jones*, and for the respondent on that of *Cate, Jones & Sanborn*.

For the appellant it was contended, *inter alia*, that the policy in question insured only the mortgagee's interest in the property. On the face of the policy he was a party to the contract, and having applied only for insurance on his own interest, and having paid the premium, and the policy having been delivered to him alone, he was the owner of the policy and the real party in interest. The insertion in the policy of the names of the mortgagors amounted to nothing because they did not apply for the policy, or pay for it, and it was not delivered to them. The amount of the insurance was less than the mortgagee's interest, and so could not cover any interest of the mortgagors. The policy is to be distinguished from one making the loss, if any, payable to a third party, without the words " as his interest may appear." Cases cited upon policies not containing those words are not in point. See *Pitney v. Glen's Falls Ins. Co.* 65 N. Y. 6; *Dakin v. Liverpool, L. & G. Ins. Co.* 77 id. 601; *Union Trust Co. v. Whiton*, 97 id. 178; *Richmond v. Niagara F. Ins. Co.* 79 id. 237; *Westchester F. Ins. Co. v. Foster*, 90 Ill. 121; *Appleton Iron Co. v. British Am. Ass. Co.* 46 Wis. 23. The mortgagee being the assured party, the provision against other insurance being taken by the assured could be violated only by the *mortgagee himself* taking other insurance in excess of that authorized by the policy. A policy con-

taining a provision making it void in case of other insurance is not avoided unless such other assurance is (1) valid; (2) upon the same identical property; (3) upon the same identical interest in the property; (4) issued to the same identical person or for his benefit. 2 Wood on Ins. ch. 11, secs. 372–377.

Two insurances effected on the same property are held not to avoid a policy prohibiting other insurance: (1) Where one policy is taken by the mortgagor and the other by the mortgagee. *Acer v. Merchants' Ins. Co.* 57 Barb. 68; *Westchester F. Ins. Co. v. Foster,* 90 Ill. 121; *Nichols v. Fayette Ins. Co.* 1 Allen, 63; *Woodbury, S. B. & B. A. v. Charter Oak F. & M. Ins. Co.* 31 Conn. 517; *Fox v. Phenix F. Ins. Co.* 52 Me. 333; *Norwich F. Ins. Co. v. Boomer,* 52 Ill. 442; *Titus v. Glens Falls Ins. Co.* 81 N. Y. 410; *Doran v. Franklin F. Ins. Co.* 86 id. 635; *Sauvey v. Isolated Risk & F. F. Ins. Co.* 44 Up. Can. Q. B. 523; *Guest v. New Hampshire Ins. Co.* 33 N. W. Rep. (Mich.), 31; *Carpenter v. Continental Ins. Co.* 61 Mich. 635; *City F. C. S. Bank v. Penn. F. Ins. Co.* 122 Mass. 165. (2) Where one policy is taken by the vendee of land under a contract of sale, and the other by the vendor. *Burbank v. Rockingham M. F. Ins. Co.* 24 N. H. 550; *Ætna F. Ins. Co. v. Tyler,* 16 Wend. 385; *Acer v. Merchants' Ins. Co.* 57 Barb. 68; *Mutual Safety Ins. Co. v. Hone,* 2 N. Y. 235; *Sprague v. Holland P. Ins. Co.* 69 id. 128. (3) When one of the policies does not cover all of the property covered by the other. *Boatman's F. & M. Ins. Co. v. Hocking,* 8 Atl. Rep. (Pa.), 417; *Sloat v. Royal Ins. Co.* 49 Pa. St. 14; *Baltimore F. Ins. Co. v. Loney,* 20 Md. 20; *Sunderlin v. Ætna Ins. Co.* 18 Hun, 522; *Parsons v. Queen Ins. Co.* 29 Up. Can. C. P. 188; *Illinois M. F. Ins. Co. v. Fix,* 53 Ill. 151. (4) Insurances effected by the owner and by an attaching creditor or other person interested. *Marigny v. Home M. Ins. Co.* 13 La. Ann. 338; *Gilchrist v. Gore Dist. M. F. Ins. Co.* 34 Up. Can. Q. B. 15; *Kelly v.*

*Liverpool & L. & G. Ins. Co.* 2 Han. (N. B.), 266; (5) By consignor and consignee on same property. *Williams v. Cresent M. Ins. Co.* 15 La. Ann. 651. (6) By the owner and his creditor. *National Ins. Co. v. Trudell,* Ramsay's App. Cas. (Low. Can.), 366. (7) Insurance for different parties having interests in the property. *Bates v. Commercial Ins. Co.* 1 Cin. Sup. Ct. Rep. 523; *Roos v. Merchants' M. Ins. Co.* 27 La. Ann. 409.

The policy in suit could not be avoided by subsequent insurance on the interest of *one* member of the firm of M. A. York & Co. 2 Wood on Ins. sec. 377; *Lowell Mfg. Co. v. Safeguard F. Ins. Co.* 88 N. Y. 591; *Irving v. Excelsior F. Ins. Co.* 1 Bosw. 507; *Manhattan Ins. Co. v. Webster,* 59 Pa. St. 227; *Converse v. Citizens' M. Ins. Co.* 10 Cush. 37; *Phœnix Ins. Co. v. Hamilton,* 14 Wall. 504; *Warren v. Davenport F. Ins. Co.* 31 Iowa, 464; *Harris v. Ohio Ins. Co.* 5 Ohio, 467.

LYON, J. To strengthen his security for the mortgage debt by an insurance upon the mortgaged property, two methods were open to the plaintiff. He might have taken a policy directly to himself, insuring his mortgage interest alone, if he could find an insurer willing to issue such a policy; or he could obtain a policy running to the mortgagors, stipulating that the loss, if any, should be paid to him as his interest should appear. Perhaps such a policy would not be an insurance of the mortgage interest, as such, but probably would cover such interest. Either mode would protect the plaintiff's security under his mortgage, but with this difference: had the policy run to himself alone, insuring only his mortgage interest, it would not be defeated by an unauthorized insurance upon the same property, obtained by the mortgagors, while a policy running to the mortgagors, insuring the property generally (as in the present case), would be defeated by such unauthorized insurance.

The plaintiff did not stipulate with the agent of the defendant company, Mr. Huntington, for a policy to himself, insuring only his mortgage interest. The only testimony on the subject was given by the plaintiff himself, and is as follows: "I applied to Mr. Huntington for the insurance on this property after the mortgage was executed. I received this policy upon the application." In answer to the question by his own counsel, "At the time when you applied to Mr. Huntington for this insurance did you state to him what interest you had in the property?" he further testified: "I think I did tell him that I had a mortgage on the property, and wanted to insure my interest in it." He further testified that he paid the premium for such insurance. Thus, it is undisputed that the plaintiff applied for an insurance upon the mortgaged property to secure his interest therein under his mortgage, without any agreement or reservation as to its form or the stipulations it should contain. The agent issued the policy in suit upon such application, which gives the plaintiff the security he desired. The plaintiff accepted it as a compliance with his application, and held it nearly a year before the property was burned, without making any objection that it did not comply with the original parol contract for the insurance. We think it too late for the plaintiff to be now heard to allege that the policy does not contain the terms of the contract of insurance which the parties made, even did the testimony tend to show (which it does not) that a parol agreement was in fact made to the effect that the policy should issue to the plaintiff, insuring his mortgage interest alone.

Much weight is given in the argument of counsel for the plaintiff to the fact that the plaintiff paid the premium for the insurance. But this fact must be considered in connection with the covenant in the mortgage that the mortgagors should insure the property, and, failing to do so,

Gillett vs. The Liverpool & London & Globe Ins. Co.

that the plaintiff might insure the same, and that the expense thereof should be added to and constitute a part of the mortgage debt. So, when the plaintiff says he paid the premium for the insurance, the effect of his testimony is that he thereby increased the mortgage debt by the sum so paid. Moreover, the above covenant clearly contemplates an insurance of the mortgagors' interest in the property, which could only be effected by a policy running to them. The covenant is ample authority to the plaintiff to insure the property in their names.

Having thus determined that the plaintiff is bound by the stipulations in the policy in suit, it necessarily results that the obtaining by the mortgagors of any unauthorized insurance on the same property invalidates the policy, under the stipulation therein against additional insurance without the consent of the defendant company. Has this stipulation been violated? Mrs. York, one of the owners of the property, obtained policies in her name alone in March, 1884, on substantially the same property, for $4,000, without the consent or knowledge of the defendant company. Nothing appears adverse to the validity of such additional insurance. The policy in suit permitted concurrent insurance to the amount of $2,000 only. Had this insurance been effected by M. A. York & Co., it would doubtless have defeated the policy. It may be conceded that these policies for $4,000 insure only the interest of Mrs. York in the insured property, which, presumably, is one half thereof.

It is maintained by counsel for plaintiff that, because the policies were obtained by and issued to Mrs. York alone, the $4,000 insurance is not a breach of the stipulation against other insurance. The rule invoked to support this proposition is thus laid down in 2 Wood on Ins. sec. 377: "In order to amount to other insurance, the interests covered by the policies must be identical." We think such

interests are identical in the present case. The policy in suit insures the interest of Mrs. York in the insured property, and the additional policies issued to her insure the same interest. We find no established rule that because Solomon York's interest in the property was insured by the policy in suit, and not by the $4,000 policies, the latter policies do not constitute double insurance. In *Continental Ins. Co. v. Hulman*, 92 Ill. 145, it was held that an unauthorized insurance by the wife was a breach of a stipulation against other insurance in a former policy on the same property, issued to her and her husband. Such we think the law. Several distinctions between the Illinois case and the one under consideration are noted by counsel, some of which are real and some are not, but we think these do not affect the applicability of the rule there laid down, to this case.

The case of *Westchester F. Ins. Co. v. Foster*, 90 Ill. 121, is relied upon as holding a different rule. The case is this: Foster held a mortgage on certain property, executed by B. He obtained an insurance upon the property, paid the premium, and, without the knowledge or authority of B., took a policy in their joint names; the policy containing the usual stipulation as regards other insurance. B. had obtained another insurance in violation of the stipulation. The court held that, under the circumstances, the insurance was solely for F.'s benefit, and that the policy was not invalidated by such act of B. The difference between the two cases is, the policy in the Illinois case ran to Foster, the mortgagee, and in legal effect, as the court held, to him alone, while here the policy runs to the mortgagors alone. This difference is radical and controlling, and calls for the application in this case of a different rule of law.

Another case much relied upon by counsel for the plaintiff may properly be noticed in this connection. It is that of *Pitney v. Glen's Falls Ins. Co.* 65 N. Y. 6. Norman and

George N. Pitney were joint owners of the insured property, which was a quantity of wool. Norman obtained a policy in his own name. Afterwards he told the agent that he had forgotten to mention the interest of George and his intention to have that interest insured. The agent attempted to accomplish that purpose by inserting in the policy these words: "In case of loss, if any, one half payable to George N. Pitney, as his interest may appear." Under these circumstances, it was held that the interest of George N. in the wool was covered by the policy. That case does not hold that a breach of a covenant against further insurance would not have resulted, had either of the owners of the wool insured his interest therein in his own name without the consent of the company. Hence the case is not in point here. That case was decided by a bare majority of the commission of appeals; LOTT, C. C., and EARL, C., dissenting. We should hesitate to indorse all the doctrines there asserted without further examination.

We conclude that the policy in suit was invalidated by the unauthorized insurance obtained by Mrs. York, and hence that the court properly directed a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.