7380

### OWEN v. BANKERS LIFE INSURANCE CO.

1. WAIVER—SPECIFICATIONS—FRAUD.—A LIFE INSURANCE COMPANY having received premiums on a policy for two years without instituting proceedings to vacate the policy for fraudulent representations is, under sections 1825 and 1826 of Code of 1902, precluded from saying thereafter specifications or warranties in the application are not true.

2. INSURANCE—FOREIGN LAWS—CONTRACTS.—Notwithstanding the provision in an insurance contract that it shall be governed by the laws of a foreign State, under sections 1787 and 1790 of the Code of 1902, the reception of premiums in this State causes the contract to be treated as a domestic contract.

Before SHIPP, J., Greenville, March Term, 1909. Affirmed.

Action by Annie M. Owen, as administratrix of Paul Owen and Fay Owen, and as guardian of Eleanor Owen, against Bankers Life Insurance Company of the City of New York. From judgment for plaintiff, defendant appeals.

*Messrs. Barron, Moore & Barron, Sirrine & Charles,* for appellant, cite: *Representation are not a part of contract:* 47 La. Am., 1405. *Warranty must be true:* May on Ins., sec. 126; 11 Ency., 290. *The application is a part of the policy, and if its statements are false, policy is defeated:* 69 Ill. App., 447; 28 S. C., 439; 119 Ill., 474; 92 U. S., 377; 39 Ind., 475; 25 Am. St. R., 619; May Ins., 126; 36 S. C., 268. *Laws of New York should govern contract:* 73 S. C., 140; 3 Minor Inst., 145; 16 Gratt., 126; 36 L. R. A., 271.

*Messrs. Cothran, Dean & Cothran,* contra, cite: *Contract was subject to sec. 1825 of Code, 1902:* 53 L. R. A., 305; secs. 1887 and 1790 of Code, 1902.

November 23, 1909. The opinion of the Court was delivered by

Mr. Justice Hydrick.   This was an action on a life insurance policy, dated August 24, 1898, and delivered to the insured, E. B. Owen, at Greenville, S. C.   The sole defense was that the insured falsely and fraudulently represented, in his application for the policy, that he was of temperate habits, and never drank wines, spirits or malt liquors; and that said representations were, by the terms of the application and policy, made warranties, the breach of which avoided the policy.   Owen died in July, 1907.

When the defendant offered evidence to prove that the representations were false, when made, it was, on objection of plaintiff, excluded.   Section 1825, vol. 1, Code of 1902, reads as follows: "All life insurance companies that shall receive the premiums on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true."   Section 1826 is as follows: "Life insurance companies are hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application for said policy: *Provided,* The same be commenced within two years from the date of said policy." These sections were enacted in 1878.   16 Stat., 530.

In view of these provisions of the statute, the evidence was properly excluded.   But defendant contends that the statute applies only to representations, and that, by the terms of the application and policy, the representations of insured, as to his habits, became warranties.   Without deciding that point, it is sufficient to say that they were, nevertheless, representations, and came within the terms of the statute.   But the statute further says, the company shall not, after having received the premiums on a policy for two years, "dispute the truth of the application," and "the application and representations shall be deemed and taken to be true."

It makes no difference, therefore, whether the statements were representations or warranties. Having received the premiums for more than two years, without availing itself of the privilege accorded it by section 1826, the defendant cannot deny the truth of the application.

The defendant contends, further, that by the terms of the application and policy, the contract must be governed by the laws of the State of New York; and it was not made to appear that there was any law of the State of New York, under which the evidence should have been excluded. The contract does provide that it is subject to the laws of the State of New York.

Chapter XLIV, vol. 1, Code, 1902, prescribes the conditions upon which foreign corporations may do business in this State.

Section 1787 of that chapter provides: "It shall be a further condition precedent to the right of any such corporation to do business in this State, that it shall be taken and deemed to be the fact, irrebuttable, and part and parcel of all contracts entered into between such corporation and a citizen or corporation of this State, that the taking or receiving, from any citizen or corporation of this State, of any charge, fee, payment, toll, impost, premium or other moneyed or valuable consideration, under or in performance of any such contract, or of any condition of the same, shall constitute the doing of its corporate business within this State, and that the place of the making and of performance of such contract shall be deemed and held to be within this State, anything contained in such contract or any rules or by-laws of such corporation to the contrary notwithstanding."

Section 1790 is as follows: "All and every such foreign corporation carrying on business or owning property in this State shall be subject to the laws of the same in like manner as corporations chartered under the laws of this State, but nothing herein contained shall be construed to permit any such foreign corporation to exercise any franchise or enjoy

any privilege or immunity other than the right to own property and carry on business in like manner as individuals, natural born citizens of such State of the United States or of foreign countries, might do, and subject to the terms and conditions of this chapter."

In the face of these statutes we must hold that this is a South Carolina contract, solvable according to our laws. The defendant, a foreign insurance company, had no legal right to do business in this State, except upon such terms and conditions as the State has seen fit to impose; and when it came here to do business, it was bound to take notice of our laws; and all business done within the State must be conclusively presumed to have been done subject to the laws of the State.

There is no force in appellant's contention that such a construction of the statutes impairs the obligation of the contract, and renders the statutes obnoxious to the Constitution, for the contract was made with reference to the statutes. In *Adler* v. *Cloud*, 42 S. C., 291, 20 S. E., 393, the Court said: "It has been repeatedly held by this Court and the United States Supreme Court, that every contract made embodies the law governing such contracts as much as if so stipulated in the contract in express terms."

Judgment affirmed.