## 8998

### WYNN v. CALEDONIAN INS. CO.

#### (84 S. E. 306.)

Fire Insurance.   Additional Insurance.   Forfeiture.   Contracts. Charge.

1. Fire Insurance—Additional Insurance Avoiding Policy.—Where a policy of insurance stated, as required by Civil Code 1912, section 2718, the value of the property insured and amount of insurance to be carried thereon, and contained a stipulation that the policy should be void if the insured then had, or should thereafter procure, other insurance on same property, a charge that procuring additional or further insurance in excess of amount stated in the policy and agreed upon by the insured and insurer without the consent of the insurer would avoid the policy, unless the insurer waived the forfeiture, approved.

2. Contributive Insurance.—The provisions in Civil Code 1912, sec. 2718, as to contributive insurance, do not render an insurer liable for a *pro rata* share of the total insurance on property, where such amount exceeds that stipulated in the policy as the amount to be carried, and the policy contains a provision rendering it void in case of additional insurance.

Before Prince, J., Columbia, March, 1914.   Affirmed.

Action by Annie G. Wynn against Caledonian Insurance Company, to recover under a policy of insurance issued by the defendant covering a dwelling in the city of Columbia.

The defendant answered, admitting generally the allegations in the complaint, but denied its liability upon the ground that the policy has been avoided by the plaintiff in

that additional insurance was taken out on the property without its consent. The policy of insurance written by defendant was for $1,600.00; the value of the building was fixed at $1,800.00; the insurable value was fixed at $1,600.00.

On the face of the policy beneath the description of the property there was the following agreement, to wit:

"The insured and the assurer agree that the value of the building described herein is $1,800.00, and hereby fix the amount of insurance to be carried thereon (including this policy) at $1,600.00."

The policy also contained the following condition, to wit:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insurer now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The plaintiff, subsequently, procured another policy of $1,000.00 in a different company on this building, raising the total insurance to $2,600.00.

The presiding Judge charged the jury that the provisions of the policy to the effect that additional insurance voided the policy were valid, and if the insured procured additional insurance without the consent of the insurer, it would render the policy void unless the insurer waived the forfeiture. From this instruction the plaintiff has appealed (the jury having found a verdict for the defendant), contending that under the statute law of South Carolina, as embodied in section 2718 of the Civil Code, 1912, it was unnecessary to obtain the consent of the insurer before taking additional insurance, because (a) the statute does not require such consent or notice, and (b) that that section provides that where two or more policies are written upon the same property and the aggregate amount of such insurance exceeds the insurable value, such shall be deemed and held as contributory insurance, and each company is liable for its *pro*

*rata* share only; hence, in no event can the insured recover beyond the amount agreed upon.

*Mr. Edward L. Craig,* for appellant, submits: *Regard should be had to intention of legislature in construing statute:* 106 Ill. App. 500. *Forfeitures not favored:* 19 Cyc. 716; 12 Wall. 404; 20 L. Ed. 414. *Provisions of policy should yield to statute:* 57 S. C. 350.

*Messrs. Smith, Hammond & Smith* and *John T. Seibels,* for respondent, submit: *Insurance policy a contract for indemnity:* 16 Am. & Eng. Enc. of L. 840, note 5 (2d ed.); *Stipulation against other insurance valid:* 13 *Ib.* 307; Ostrander Fire Ins. (2d ed.), sec. 242, p. 553. *Waiver:* 47 L. R. A. 450. *Provision for forfeiture valid:* 2 McMul. L. 220, 221, 222 and 226; 68 S. C. 387. *As to purpose of statute:* 22 Stats. 113; 61 S. C. 463; 57 S. C. 350.

February 13, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a policy of insurance for a partial loss caused by fire.

The only question in the case is presented by the following exception:

"Because his Honor erred in instructing the jury that procuring of additional or further insurance, in excess of the insurable value stated in the policy, as having been agreed upon by the insured and the insurer, without the consent of such insurer, would render the policy void (unless there had been a waiver).

Whereas, he should have instructed the jury that, under the statute law of South Carolina, the procuring of additional or further insurance without the consent of the insurer, does not render the policy void, but two or more policies written upon the same property are declared to be

contributory insurance, and if the aggregate sum of such insurance exceeds the insurable value of the property as agreed upon by the insurer and the insured, in the event of a total or partial loss, each company shall be liable for its *pro rata* share of such insurance."

The ruling of his Honor, the Circuit Judge, involves the construction of section 2718, Code of Laws, 1912, which is as follows:

"No fire insurance company, or individuals writing fire insurance policies doing business in this State, shall issue policies for more than the value to be stated in the policy, the amount of the value of the property to be insured, and the amount of the insurance to be fixed by the insurer and insured, at or before the time of issuing said policies, and in case of total loss by fire, the insured shall be entitled to recover the full amount of insurance, and a proportionate amount in case of partial loss: *Provided,* Two or more policies written upon the same property shall be deemed and held contributive insurance; and if the aggregate sum of all such insurance exceed the insurable value of the property, as agreed by the insurer and the insured, in the event of a total or partial loss, each company shall be liable for its *pro rata* share of said insurance."

The case of *Cave* v. *Insurance Company,* 57 S. C. 347, 35 S. E. 577, shows that the evident intention of the statute was to discourage double or additional insurance on the same property. In that case it was held that where additional insurance was placed on the property, by consent of the company first insuring it, each company was only liable for its *pro rata* share of the total insurance. It would be inconsistent with the manifest intention of the statute to hold that each company should be liable for its *pro rata* share of the total insurance, when the first policy contained a provision, rendering the policy void if there was additional insurance, as this would confer upon the insured a right, which he did not have before the statute was enacted.

In the case of *Cave* v. *Insurance Co., supra,* the building was insured in three different companies. One of them valued it at $1,000, another at $3,000, and the third made no mention as to the reqirements of the statute.

It will thus be seen that the valuation placed on the building by one company was three times as large as that mentioned in one of the other policies. The valuation of $3,000 increased the risk assumed by the first company, which valued the building at $1,000. To allow the policyholder to insure the property in other companies, without the knowledge or consent of the first company, would render the business of insurance very uncertain, as to the extent to which the companies might be made liable, without any agreement on their part. It would require them to find out, if the insured had taken out policies in other companies, in order to ascertain the amount for which they were liable—whether for the full value or a proportionate part thereof.

It is unreasonable to suppose that the statute contemplated such loose and uncertain business methods.

Affirmed.