## 9635

### CAMDEN WHOLESALE GROCERY v. NATIONAL FIRE INS.
### CO. OF HARTFORD, CONN., *ET AL.*

#### (91 S. E. 733.)

1. INSURANCE—ACTION ON POLICY—INTEREST OF PLAINTIFF—EVIDENCE—SUFFICIENCY.—In an action on a fire policy, evidence that the insured conveyed the property and assigned the policy to plaintiff, but reserved the right to repurchase the property within one year and did not deliver the assigned policy to plaintiff, *held* to justify the inference that the insurance would only be operative during the time the vendor had the right to exercise his option, and that after that plaintiff had no interest in the policy.

2. INSURANCE—CONSTRUCTION OF POLICY—EXISTING STATUTE.—Where Civ. Code 1912, sec. 2719, providing that statements in application for insurance shall not prevent recovery before jury in case of loss and "provided" after the expiration of 60 days an insurer shall be estopped to deny the truth of a statement in an application for fire insurance which was accepted, except for fraud in making the application, was in existence when policy of insurance was issued, the provisions of the policy must be construed as if the section had been incorporated therein.

3. INSURANCE—FIRE INSURANCE—FORFEITURE—OTHER EXISTING INSURANCE.—Under Civ. Code 1912, sec. 2719, where a fire policy, providing that it would be void if the insured then had or should thereafter procure other insurance, whether valid or not, on property covered in whole or in part by the policy, was issued upon property already insured, and it is not alleged that there was fraud in making application, or that the statement in the application upon which the policy was issued was denied within 60 days, the policy was valid, and the Court erred in granting nonsuit based upon that fact.

4. INSURANCE — FIRE INSURANCE — FORFEITURE — STATUTE.—Under Civ. Code 1912, sec. 2719, where a fire policy, providing that if the subject of insurance be personal property the policy would be void if the property be or become incumbered by a chattel mortgage, was issued on personal property incumbered by a chattel mortgage, but it is not

alleged that the application was fraudulent or that there was a denial of the truth of the statement in the application upon which the policy was issued within 60 days, the policy was valid.

5. INSURANCE — FIRE INSURANCE — FORFEITURE — OTHER SUBSEQUENT INSURANCE.—Where fire policy provided that it would be void if the insured thereafter procured any other contract of insurance whether valid or not, the action of the insured in thereafter procuring another policy of insurance on the same property worked a forfeiture of the first policy.

6. INSURANCE—WAIVER OF FORFEITURE—EVIDENCE—BURDEN OF PROOF.— Where the acts of an insured under a policy worked a forfeiture of the policy under its terms, it was incumbent upon the insured to show a waiver of the forfeiture.

Before WILSON, J., Camden, Spring term, 1915. Reversed.

Actions by the Camden Wholesale Grocery Company against the National Fire Insurance Company of Hartford, Connecticut, and the Home Insurance Company of New York. From a judgment of nonsuit, the plaintiff appeals. Judgment affirmed as to the action against the National Fire Insurance Company, and reversed and new trial granted as to the Home Insurance Company.

*Mr. L. A. Wittkowsky,* for plaintiff, cites: *As to evidence of waiver:* 42 S. C. 14; 52 S. C. 224; 43 S. C. 26; 46 S. C. 546; 54 S. C. 599. *Forfeiture:* 52 S. C. 224; 57 S. C. 347; 36 L. R. A. 350; L. R. A. 1915c, 619, and 1915d, 344.

*Messrs. Osborne, Cocke & Robinson* and *J. C. McGowan,* for National Fire Ins. Co., cite: *Construction of policy:* 83 S. C. 262; 68 S. C. 387; 100 S. C. 46; 96 N. C. 481.

*Mr. Laurens T. Mills,* for Home Ins. Co., cites: *As to construction of contract:* 83 S. C. 262, 264; 100 S. C. 46, 56. *Nonsuit:* 95 S. C. 78; 101 S. C. 249; 52 S. C. 227.

March 12, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on two policies of insurance, and the causes of action are separately stated. The appeal is from an order of nonsuit, granted at the close of the plaintiff's testimony.

The facts are not in dispute, and are, in substance, as follows: On the 20th of May, 1912, the defendant, National Fire Insurance Company of Hartford, Conn., issued a policy of insurance to J. E. Creed, in the sum of $1,500, covering the house which was afterwards destroyed by fire, and certain personal property, for the term of three years. The amount of insurance on the house was fixed at $800. On the 17th of December, 1912, J. E. Creed conveyed to the plaintiff the lot on which said house stood, but reserved the right to repurchase the lot within a year, and agreed to keep the house insured. On the same day, to wit, the 17th of December, 1912, J. E. Creed, with the consent of said insurance company, assigned the policy to the plaintiff, which, however, was not then delivered to him, and was not delivered prior to the destruction of the house by fire, on the 8th of March, 1914, but was kept in the possession of J. E. Creed for the plaintiff. J. E. Creed failed to repurchase the lot, and on the 17th of December the defendant, Home Insurance Company of New York, issued to the plaintiff a policy in the sum of $600 on said house, which was valued by the insurer and insured at $1,000. When the first mentioned policy was assigned by Creed, on the 17th of December, 1912, the plaintiff had notice of the assignment, but thought that it had lapsed when the second policy was issued.

F. M. Wooten, the president of the plaintiff company, thus testified:

"Q. At the time the policy was issued to you, by the Home Insurance Company, did you know as a matter of fact that the policy of the National Insurance Company was in force? A. Did not. Q. Had you ever seen it, at that time? A. Never had. We knew a policy had been in force prior to this; thought it had expired. We never had seen this policy

470   Camden Wholesale Grocery *v.* Natl. F. I. Co.

Opinion of the Court.                          [ 106 S. C.

at all.   We were under the impression this policy had expired, and took out a new policy with the Home Insurance people.   Q. At that time, time the assignment was made, did you know anything about it?   A. Yes, sir."

The only reasonable inference from the testimony is that, when J. E. Creed agreed to keep the house insured, the parties contemplated that the insurance would only be operative during the time he had the right to exercise his option to repurchase the property, to wit, one year.   After the expiration of that time, the plaintiff no longer had any interest in the policy.

The personal property described in the policy issued by the National Fire Insurance Company was incumbered by a mortgage at the time said policy was issued.   Each of said policies contained this provision:

"This entire policy, unless otherwise provided by agreement indorsed thereon, or added hereto, shall be void, if the insured now has or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy, * * * or if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage."

The defendants contend that, under the admitted facts, and the said provision, the policies were void.

Section 2719 of the Code of Laws 1912 is as follows:

"No statement in the application for insurance shall be held to prevent a recovery before a jury on said policy in case of partial or total loss: *Provided,* After the expiration of sixty days, the insurer shall be estopped to deny the truth of the statement in the application for insurance which was accepted except for fraud in making the application for insurance."

This has reference to facts in existence at the time the policy is issued; for, otherwise, they could not appear in the application, which necessarily precedes the issuance of the policy.   The provisions of the policies must be construed as if the said section had been thereon

incorporated.   In *Adler* v. *Cloud,* 42 S. C. 291, 20 S. E. 400, the Court said:

"It has been repeatedly held by this Court and the United States Supreme Court that every contract made embodies the law governing such contracts as much as if so stipulated in the contract in express terms."

See, also, *Owen* v. *Insurance Co.,* 84 S. C. 253, 66 S. E. 290, 137 Am. St. Rep. 845.

Section 2719 of the Code of Laws 1912 was construed in the case of *McCarty* v. *Insurance Co.,* 81 S. C. 152, 62 S. E. 1, 18 L. R. A. (N. S.) 729, and it was held that, in the absence of fraud, the insurer is estopped from denying the truth of the statement in the application for insurance, after the expiration of 60 days from the time the policy was issued.   See, also, *Owen* v. *Insurance Co.,* 84 S. C. 253, 66 S. E. 290, 137 Am. St. Rep. 845.

It is not alleged that the statement in the application for insurance, as to either policy, was fraudulent; nor that there was a denial of the truth of the statement in the application, upon which either policy was issued, within 60 days thereafter, as contemplated by said section.   Therefore his Honor, the presiding Judge, erred in granting the nonsuit, as to the cause of action based upon the policy issued by the defendant, Home Insurance Company of New York.   He also erred in granting the nonsuit, as to the cause of action founded upon the policy issued by the defendant, National Fire Insurance Company of Hartford, Conn., in so far as it was based upon the fact that the personal property was incumbered by a mortgage when the policy was issued.

The other ground, however, upon which he granted a nonsuit as to this (the first) cause of action, must be sustained.   When the plaintiff procured the policy of insurance from the defendant, Home Insurance Company of New York, it violated that provision of the policy that it would be void if the insured thereafter made

or procured any other contract of insurance, whether valid or not, and thereby worked a forfeiture of the policy issued by the National Fire Insurance Company of Hartford, Conn. *Spann* v. *Insurance Co.,* 83 S. C. 262, 65 S. E. 232; *Wynn* v. *Insurance Co.,* 100 S. C. 47, 84 S. E. 306.

It was then incumbent on the insured to show a waiver of the forfeiture, but there was no testimony whatever tending to show such fact. *Spann* v. *Insurance Co., supra.*

Judgment affirmed as to first cause of action, and reversed as to second cause of action, and new trial granted as to that cause of action.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK concurs in the result.