## ALEXANDER CHEREWATY, ET UX. *v.* GRANGERS MUTUAL FIRE INSURANCE COMPANY

[No. 40, October Term, 1942.]

150

*Decided November 19, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*James Weinroth* and *William J. Bratton* for the appellants.

*Roszel C. Thomsen,* with whom were *Edward D. E. Rollins, Clater W. Smith* and *Clark, Thomsen & Smith* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Appellants, plaintiffs below, entered suit against appellee, The Grangers Mutual Fire Insurance Company, a corporation, defendant below, on a fire insurance policy issued by defendants to plaintiffs, Alexander Cherewaty and Mary Cherewaty, as tenants by the entireties, by reason of loss or damage by fire. Defendant filed the general issue pleas and also the following special plea, being the fourth plea: "That the policy of insurance sued on and the endorsements thereto provide that said policy shall be void and that defendant shall not be liable for any loss or damage if the insured shall have any other contract of insurance, whether valid or not, covering the insured property, unless permitted in writing thereon; and that the insured did have another policy of insurance in force covering the loss of the said barn

and silo at the time they were destroyed by fire on June 28, 1940, to wit: a policy of insurance No. A3390, dated October 1, 1935, and issued by the Mutual Fire Insurance Company of Chester County, Poolesville, Pennsylvania, in which policy Alexander Cherewaty, one of the plaintiffs herein, was named as the insured; and the defendant did not permit the same, in writing or otherwise." Plaintiffs' demurrer to the special plea was overruled and plaintiffs having elected to stand on demurrer, judgment was entered in favor of the defendant by the Circuit Court of Cecil County, on the motion by the defendant for the failure of plaintiffs to plead to said fourth plea. An appeal is taken to this court from that judgment.

The question for our decision is whether the policy on which suit was brought, issued to Alexander Cherewaty and Mary Cherewaty, as tenants by the entireties, was made void by reason of a prior policy in another company issued to Alexander Cherewaty alone, permission having not been obtained for other insurance and therefore whether the demurrer was properly overruled.

In a previous ruling by this court in the case of *National Union Fire Insurance Co. v. Menke,* 166 Md. 513, at page 518, 171 A. 719, at page 721, Judge Urner said: "There can be no question as to the validity and reasonableness of the provision against other insurance, whether valid or invalid, without the insurer's consent. The validity of such a provision was recognized in *Sweeting v. Mutual Fire Ins. Co.,* 83 Md. 63, 70, 34 A. 826, and its reasonableness is supported by considerations affecting the moral hazard when the insurance is excessive. 26 *C. J. (Insurance)* 256; 5 *Couch on Insurance,* Sec. 1041." As pointed out in the case of *Northern Assurance Co. v. Grand View Building Assn.,* 183 U. S. 308, 22 S. Ct. 133, 136, 46 *L. Ed.* 213: "Over insurance by concurrent policies on the same property tends to cause carelessness and fraud, and hence a clause in the policies rendering them void in case other insurance had been or shall be made upon the property and not consented to in writing by the company, is customary and reasonable." Not only

is a provision such as this a protection against the gross carelessness of the insured in respect to his own acts and the acts of others, but it also tends to prevent any fraudulent destruction of property by insured.

It is necessary that the two policies cover the same property and the same interest. "Other or double insurance exists where there are two or more policies on the same interest and subject, and against the same risk." *Richards on Insurance*, 4th Ed., Sec. 250. "Other or double insurance exists where two or more policies of insurance are affected upon or cover the same interest in the same, or part of the same, property against the same risk and either in the name or for the benefit of the same person." *Encyclopedia of Insurance Law* (Couch), Vol. 5, Sec. 1039. As Lord Mansfield said in *Godin v. London Assurance Co.*, 1 Burr 489, 97 Eng. Reprint 419, 421; *Id.*, 1 W. Bl. 103, 96 Eng. Reprint 58: "If the same man, really, and for his own proper account, insures the same goods doubly, though both insurances be not made in his own name, but one or both of them in the name of another person, yet that is just the same thing: for the same person is to have the benefit of both policies."

It cannot be contended that double insurance does not apply in the instant case, since the first policy was invalid because it was issued in the name of the husband alone, while the property was owned by the husband and wife as tenants by the entireties, for the reason that the restriction applies to other insurance "whether valid or not." It, of course, is not contended that both policies do not cover the same property. Appellants, however, argue that because the second policy is in the name of husband and wife as tenants by the entireties, it does not cover the same interest as the first policy issued to the husband alone. Without doubt, both policies are intended to cover the interest of the husband, whatever that interest might be. The fact that the interest of the wife is also covered in the second policy still does not eliminate the fact that both policies are issued to cover the interest of the husband. In the case of *Mussey v.*

*Atlas Mutual Insurance Co.,* 14 N. Y. 79, at page 82, where two policies were effected on a vessel owned by three persons, the court said: "In this view it is claimed that the subsequent policies are upon a different interest and therefore not a violation of the warrantee and condition of the one in question. I cannot, however, come to that conclusion. The subsequent policies are upon the same interest as the prior one, although not upon the whole of the interest. The engagement in the first policy is not to insure more than $11,000, and I think this is clearly broken when two of the three parties thereby insured effect a further insurance upon their interest in the same subject. Any one of them it seems to me could violate the contract by a subsequent insurance. The clause is intended as a check upon over insurance and the temptations to fraud induced thereby. But an over insurance obtained by one of the parties interested in the first policy is quite as dangerous to the underwriter as it would be if procured by all of them. There is the same temptation to fraud, and the same mischiefs are likely to arise. Moreover, the clause in question does not say that the interest covered by the subsequent insurance must be no greater and no less than the one embraced in the first. The warrantee is against over insurance generally, upon the same subject. If its force can be evaded in this way, then three owners may insure jointly and warrant against any further insurance, and each and all of them may afterwards take separate policies to any amount and the warrantee will still remain unbroken. This is certainly not the spirit of the contract, and I think its letter does not call for such an interpretation."

In the case of *Gillett v. Liverpool & L. & G. Ins. Co.,* 73 Wis. 203, 41 N. W. 78, a property was owned by M. A. York & Co., consisting of Mrs. M. A. York and her husband, Solomon York. A policy of insurance was taken out by the mortgagee in the name of M. A. York & Co., loss, if any, payable to the mortgagee as his interest might appear. In this policy was a provision

against other insurance. Without the consent of the defendant insurance company, Mrs. York procured other insurance on the property in her name alone. In that case, the court said at, page 79 of 41 N. W.: "It is maintained by counsel for plaintiff that, because the policies were obtained by and issued to Mrs. York alone, the $4,000 insurance is not a breach of the stipulation against other insurance. The rule invoked to support this proposition is thus laid down in 2 *Wood, Fire Insurance,* 2nd Ed., Sec. 377: 'In order to amount to other insurance, the interests covered by the policies must be identical.' We think such interests are identical in the present case. The policy in suit insures the interest of Mrs. York in the insured property, and the additional policies issued to her insure the same interest. We find no established rule that because Solomon York's interest in the property was insured by the policy in suit, and not by the $4,000 policies, the latter policies do not constitute double insurance. In [*Continental*] *Insurance Co. v. Hulman,* 92 Ill. 145, it was held that any unauthorized insurance by a wife violated a stipulation in a former policy on the same property, issued to her and her husband."

In the case of *Continental Insurance Co. v. Hulman,* 92 Ill. 145, *supra,* the court said, in speaking of the clause forbidding other insurance, at page 156: "We are of opinion that proof of the insurance by the Rockford Insurance Company was sufficiently made. And although the subsequent policy insures Sarah J. Ryan alone, we think this avoids the policy equally as if the subsequent insurance had been effected by both the assured."

It is not necessary to consider the incidents of the estate of tenancy by the entireties. If the insurance money were paid to Alexander Cherewaty and Mary Cherewaty, as tenants by the entireties, it could hardly be contended that there was no benefit to Alexander Cherewaty and that he had no interest in that money. Whatever the interest of the husband might be, it is intended to be covered by both policies, and by reason of

the provision against other insurance, the demurrer was properly overruled.

*Judgment affirmed, with costs.*

SLOAN, J., dissents.