GRAHAM et al. v. AMERICAN EAGLE FIRE INS. CO. OF NEW YORK et al.

No. 6073.

United States Court of Appeals Fourth Circuit.

Argued April 20, 1950.

Decided May 29, 1950.

C. W. Derrick, Marion, S. C. (J. Reuben Long, Conway, S. C., on the brief), for appellants.

Joseph L. Nettles, Columbia, S. C., and Stephen Nettles, Greenville, S. C. (Jack Wright, Florence, S. C. and R. D. Epps, Conway, S. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from judgments for defendants on policies of fire insurance. The policies covered a building owned by plaintiffs, husband and wife, which was totally destroyed by fire. The only defense was that plaintiffs had procured additional insurance on the property in excess of that permitted by indorsements attached to the policies. Plaintiffs admitted the additional

insurance but pleaded that defendants had notice thereof. The case was submitted to a jury who found in favor of defendants. After verdict, plaintiffs moved for judgment notwithstanding the verdict for a partial recovery on the policies in suit on two grounds: (1) that the taking of the additional insurance did not defeat the right to recover on the policies but merely limited the recovery in the proportion that the amount of insurance permitted bore to the total amount of insurance or 50%; and (2) that, since the additional insurance was taken in the name of the husband to cover his interest in the insured property, only his interest in the policies was avoided thereby, and that the wife should have judgment for one-half the face of the policies as covering her interest. The judge below held against plaintiffs on both grounds and they have appealed.

There are four policies in suit, each in the sum of $5,000, issued to W. H. and Vena S. Graham. Three cover a cottage at Myrtle Beach, S. C. and one covers its contents. The three on the cottage bear indorsements limiting the total insurance thereon to $15,000; the one on the contents has an indorsement limiting the insurance on this item to $5,000. After taking out the original policies, of which the policies sued on are renewals, the plaintiff W. H. Graham procured in his name additional insurance on the cottage in the sum of $15,000 and on the contents in the sum of $5,000. It is this insurance which is relied upon as a defense to the policies sued on. The policies are in the revised, or 1943, form of the New York Standard Policy, and contain the following provision as to additional insurance: "Other insurance may be prohibited or the amount of insurance—may be limited by, indorsement attached hereto." The indorsements made on the policies covering the cottage pursuant to this provision were as follows: "Other Insurance—Total insurance, including this policy, is limited to the following amounts: Item 1, $15,000." (Item 1 covers the building.) The indorsement on the policy covering the contents of the cottage was in like form except that it referred to item 2 (con-tents of building) and fixed a limit for this item of $5,000.

There would be no question as to the effect of additional insurance under the provisions of the old New York Standard Fire Policy which expressly stipulated that the company should not be liable for loss or damage occurring while the insured had any other contract of insurance on the property covered unless consent in writing was endorsed on the policy. We think that the result is not different where the prohibition or limitation upon the taking of additional insurance is indorsed upon the policy in accordance with the provision of the new form. In the old form, additional insurance was prohibited or limited unless consent was indorsed; in the new form, the prohibition or limitation must be added to the policy by indorsement. In either case, however, the prohibition or limitation imposes, we think, a condition upon the company's liability under the policy.

Plaintiffs argue that there is a difference in that the old form of policy expressly excludes liability where there is other insurance, whereas there is no such express exclusion in either the face of the new form of policy or the indorsements which were added in this case. The answer is that this provision of the old policy merely embodies along with the condition against additional insurance the rule which the law would apply upon breach, whether expressed or not, and that the rule is not different because not expressly set forth in the face of the contract. A provision forbidding or limiting additional insurance is clearly intended not as prescribing something to be done by the insured but as expressing a condition upon which the company assumes liability; and the law is well settled that, upon the breach of such a condition, there can be no recovery upon the contract in which it is contained. The principle upon which this conclusion rests is elementary in the general law of contracts. See A.L.I. Restatements of Contracts secs. 250 and 260, and illustration 1 under 260. Applied in the law of insurance, it clearly requires

that a provision forbidding or limiting additional insurance be treated as a condition of the policy, breach of which will preclude recovery by the insured. See Kossmehl v. Miller National Insurance Co., 238 Mo.App. 671, 185 S.W.2d 293; Plumley v. Superior Fire Ins. Co., 122 W.Va. 333, 9 S.E.2d 229; Roberts v. London & Lancashire Ins. Co., 282 Ky. 679, 139 S.W.2d 764; Elliott v. Lycoming County Mut. Ins. Co., 66 Pa. 22, 5 Am.Rep. 323; Mitchell v. Lycoming County Mut. Ins. Co., 51 Pa. 402. In the case last cited, wherein the insurance was limited to two-thirds the value of the property, the court held the obtaining of insurance in excess of that amount a breach of condition which precluded recovery, saying: "The right to insure ad libertum is detrimental to good faith, leading always to carelessness and often to fraud. The limitation of the insurance to two-thirds of the estimated value is therefore essential to secure fidelity, and to make the assured watchful over his own interest in the remainder. It is a fundamental condition in procuring the policy. Its violation runs back, therefore, to the issuing of the policy, and undermines the very ground on which the origin stands; and forfeiture is the necessary penalty and protection of the contract."

In Kossmehl v. Miller National Ins. Co., supra, 238 Mo.App. 671, 185 S.W.2d 293, 295, the St. Louis Court of Appeals stated the law applicable in such a situation as follows: "An agreement that there shall be no other insurance is material to the risk as a matter of law. * * * We cannot view the agreement other than as an express warranty by the insured that no other insurance was or would be carried by her on the property in question; and since defendant's policy was in full force and effect at the time the Dubuque policy was taken out, the latter policy was voidable for that reason. Nor do we agree that a breach of the provision would not render the policy voidable because the policy did not provide for a forfeiture for its breach. The doctrine relied upon by appellant, and announced in the cases cited in its brief, should not be applied to conditions precedent to liability."

And we see nothing in the pro rata liability clause of the policy or in the South Carolina Valued Policy Law, S.C. Code 1942, sec. 7977, which strengthens the position of plaintiffs. The former merely provides for the prorating of losses by insurers and has no reference whatever to the amount of insurance which may be carried or the effect of taking insurance in excess of the limit permitted. The latter prohibits the company from insuring property for more than the value stated in the policy and provides for full recovery in case of total loss with pro rata liability by insuring companies if their policies exceed the insurable value. There is nothing in this, however, which prevents a company from inserting in its policy a condition against insurance in excess of a limit fixed in the policy. See Cave v. Home Insurance Co., 57 S.C. 347, 35 S.E. 577; Wynn v. Caledonia Ins. Co., 100 S.C. 47, 84 S.E. 306.

Plaintiffs' second point, viz., that procurement of the additional insurance by W. H. Graham did not affect the interest of his wife in the policies sued on, is evidently an afterthought and is so lacking in merit as hardly to warrant mention. As pointed out by the judge below, plaintiffs were tenants in common of the insured property and the record clearly supports the conclusion that Graham had charge of it and was acting for both himself and wife in the procurement of insurance. Aside from this, it is too well settled to admit of argument that a policy insuring the interests of tenants in common and providing against additional insurance is avoided if one of the tenants in common procures additional insurance, even though this covers only his interest in the property. See 29 Am.Jur. p. 569; 45 C.J.S., Insurance, p. 368, § 573; Cherewaty v. Grangers Mutual Fire Ins. Co., 181 Md. 149, 28 A.2d 824, 143 A.L.R. 421 and note; Gillett v. Liverpool & London & Globe Ins. Co., 73 Wis. 203, 41 N.W. 78, 9 Am.St.Rep. 784; Continental Ins. Co. v. Hulman, 92 Ill. 145, 34 Am.Rep. 122; Pitney v. Glen's Falls Ins. Co., 65 N.Y. 6.

There was no error and the judgments for defendants will be affirmed.

Affirmed.