## BETHUNE v. NEW YORK UNDER-WRITERS INS. CO.

### No. 2738.

United States District Court
E. D. South Carolina,
Charleston Division.

June 29, 1951.

James Hugh McFaddin, Manning, S. C., for plaintiff.

Thomas, Cain & Nettles, Columbia, S. C., for defendant.

WARING, Chief Judge.

Plaintiff, a resident and citizen of South Carolina, brought this action in the Court of Common Pleas for Clarendon County. The Defendant is a foreign insurance corporation and by appropriate proceedings the cause was removed to this court.

The Plaintiff was and is the owner of certain farm property in Clarendon County whereon was situate a dwelling house and other buildings. He had heretofore become obligated to the Farm Security Administration of the United States and gave his mortgage covering his real estate securing a loan of $4,165.00. He was required to take out fire insurance in the sum of $3,000.00. A policy for such amount with the usual mortgagee clause was issued and retained by the mortgagee. Plaintiff was required to pay the insurance premiums but at times when he was short of money brought about by crop failures, the mortgagee would advance the premium. It appears that mortgagee caused the policy to be renewed from time to time and the latest such policy was issued by Houston Fire and Casualty Insurance Company. Plaintiff claims that he was not advised of this action and thought the insurance had lapsed but the mortgagee's agent stated unequivocally that a running account was kept with Plaintiff and that he was called upon

from time to time to pay premiums for insurance and if he failed to do so the mortgagee advanced the money and furnished Plaintiff with statements showing such payments. On September 21, 1949, Plaintiff obtained from New York Underwriters Insurance Company, the Defendant herein, a standard fire insurance policy in the full amount of $3,500.00. This was issued to him as a result of his application therefor and it was obtained through an agent who did not have any connection with the Houston company and/or the mortgagee. And neither of them had any knowledge of this additional insurance until after the loss hereinafter referred to. This policy contained the usual standard clauses and, among other things, the two following conditions:

"Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto:"

"No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of Law or Equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The policy also contained a valuation clause and showed that the building was valued at $2,500.00 and the amount of insurance thereon fixed at the same amount. In addition, there was insurance on the contents and building for $1,000.00. The form for inserting the name of a mortgagee was left blank and there was nothing on the policy to show or indicate that anyone held a mortgage over the property nor was there anything to indicate that there was any other insurance of any kind.

On May 16, 1950, the dwelling and contents were totally destroyed by fire. The mortgagee proceeded to collect the insurance from Houston Fire and Casualty Insurance Company and deposit the proceeds to the joint account of Plaintiff and mortgagee and this money was used in the building of a new house to replace the one destroyed. Some additional money was put in this project and the mortgagee continued holding its mortgage.

Plaintiff made demand upon the Defendant herein for the payment of insurance of $2,500.00 upon the building and $1,000.00 on the contents. The Company refused to recognize the validity of the insurance taking the position that it was relieved from liability and the policy was rendered void by reason of misrepresentation and concealment of the other insurance. As a result this suit was brought and came to trial by the court, jury trial being waived.

There are two main issues in this case. The first is as to the insurance of $2,500.00 covering the residence and the second as to the insurance for $1,000.00 covering the contents. We shall first discuss the $2,000.00 item.

—I—

Defendants take the position that the quoted excerpts from the policy present a complete defense against the claim for destruction of the residence. As heretofore shown, the policy contains these clauses and the Defendant claims they are conditions precedent and that the violation of them voids the policy. This view is strongly supported by the rather recent case of Graham v. American Eagle Fire Insurance Company, 182 P.2d 500. This case was tried in this district and the decision of the district court was affirmed by the Court of Appeals for the 4th Circuit. The facts there are quite similar to those in the instant case and some of the expressions of the appellate court would seem applicable. The court, discussing the effect of provisions in an insurance policy such as those quoted, says at pages 501, 502 of 182 F.2d: "A provision forbidding or limiting additional insurance is clearly intended not as prescribing something to be done by the insured but as expressing a condition upon which the company assumes liability; and the law is well settled that, upon the breach of such a condition, there can be no recovery upon the contract in which it is contained. The principle upon which this conclusion rests is elementary in the general law of contracts. See A. L. I. Restatements of Contracts secs. 250 and 260, and illustration 1 under 260. Applied in the law of insurance, it clearly requires that a provision forbidding or limiting addition-

al insurance be treated as a condition of the policy, breach of which will preclude recovery by the insured." (Citing and quoting numerous cases.)

The Plaintiff attempts to differentiate the Graham case and relies most strongly upon a recent case decided by the Supreme Court of South Carolina, namely, Murdaugh v. Traders & Mechanics Insurance Co., 218 S. C. 299, 62 S.E.2d 723. Plaintiff strongly urges upon the court the consideration that in the case at bar the two policies of insurance were taken out, one for the benefit of the owner and the other for the benefit of the mortgagee and they argue that these facts differentiate it from the Graham decision and put it in the purview of the Murdaugh decision. The last named case holds, and cites in confirmation thereof, that there is an undoubted difference in interest between two insurers, one an owner and the other the holder of a mortgage. In the Murdaugh case, the court points out, however, that the facts there are quite different from the Graham case and says at page 310 of 218 S.C., at page 728 of 62 S.E.2d: "Counsel for the defendant cite as favorable to their views our own cases of Wynn v. Caledonian Ins. Co., 100 S.C. 47, 83 S.E. 306, and Cave v. Home Ins. Co., 57 S.C. 347, 35 S.E. 577; and the recent South Carolina case decided by the United States Circuit Court of Appeals for the Fourth Circuit, (opinion delivered by Judge Parker), to wit, Graham v. American Eagle Ins. Co., 182 F.2d 500. These cases all relate to additional insurance taken out by the owner of the property; and in none of them was any such additional insurance taken out by a mortgagee. Hence we are of opinion that these cases are not apposite."

An examination of the facts in the Murdaugh case indicate that while it is true that it and the instant case have something in common, namely, a policy for the benefit of the owner and a policy for the benefit of the mortgagee, many of the more important facts are quite different. In the Murdaugh case, the owner had taken out a policy of insurance and *afterwards* the mortgagee took out another policy. The owner was not a party to that and the court held that his policy and not avoided by the action of the mortgagee. But in the instant case, the facts are different. Here a policy of insurance was taken out for the joint benefit of the owner and the mortgagee. The owner had knowledge that such insurance had been issued and although he claimed that he thought it was cancelled, he was charged with premiums and should and must have known that the mortgagee was carrying insurance and that his account was charged with premiums and then he went to another agency and took out the policy which is the subject matter of this suit. The testimony is quite positive that he failed to notify the Defendant company and/or its agent of the existence of the other policy nor did he give them any notice that there was a mortgage on the property. The policy was issued to him in good faith as the actual owner with a valuation clause of $2,500.00 and insurance in the same amount. There was a printed form for the insertion of the name of mortgagee if there be one; but it was left vacant and the company and its agent had no knowledge of a mortgagee. It seems to me that all of the conditions and reasoning set forth in the Graham case and the cases cited therein are applicable here and that there can be no shadow of a doubt that the insurance upon the dwelling house is void and the Defendant is not bound to pay the same.

—II—

But the situation in regard to that part of the insurance which covered the contents of the building is different.

It will be noted that the policy sets out the coverage in different paragraphs. The amount of $2,500.00 covering the building is one paragraph and that is marked "Item * 1". The next paragraph, " * 2, $1,000.00 on household and personal property", etc. The asterisks refer to a paragraph further down the page which says " * Insurance attaches hereunder only to those items for which an amount is shown in the space provided therefor and not exceeding said amount under such item." From the foregoing, it is quite clear that the policy considers the respective items as separate from each other. It is

true both items of insurance are covered by one policy and by lump sum premiums, but it seems to me that exactly the same point was decided by the Supreme Court of South Carolina in the case of Trakas v. Globe & Rutgers Fire Insurance Co., 141 S.C. 64, 139 S.E. 176, 53 A.L.R. 1119. In that case, there was one policy of insurance but it contained two coverages, one on a stock of merchandise and another on fixtures and furniture. It appears that after delivery of the policy, additional insurance had been procured from another insurance company; that on the fixtures in excess of the limitation provided in the first policy; but that on the merchandise within the limitation. The trial court directed a verdict in favor of the Defendant company as to the insurance carried on the fixtures holding that it had violated the terms of the policy but the court refused to grant such a verdict as to the merchandise because the terms had not been violated as to that and the court took the position that although the entire insurance was carried in one policy, it need not be treated, 141 S.C. at page 69, 139 S.E. 176, as an "entire contract"; and that the two items were susceptible of being divisible. The Supreme Court carefully considered the case and pointed out that there were conflicting decisions and different points of view in various jurisdictions; that there were three prevailing rules throughout the country. The second of these rules the court said was as follows, 141 S.C. at page 69, 139 S.E. at page 177: "Where the property insured consists of different items which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire."

The Court adopted that statement as the law in South Carolina and upheld the trial court in refusing to grant a verdict as to the insurance on the merchandise.

Applying the holding in the Trakas case to the case before us, I think necessitates a decision that the Plaintiff is entitled to recover for the amount of insurance coverage on the household goods, namely, the sum of $1,000.00 with interest at the legal rate from May 16, 1950.

The foregoing fully sets forth the facts and conclusions arrived at; and in accordance therewith, it is

1. Ordered, that the Plaintiff have judgment against the Defendant for the sum of $1,000.00 with interest at the rate of 6% per annum from May 16, 1950 being the insurance coverage upon the household goods. And, it is further

2. Ordered, that the complaint be dismissed as to the other allegations and claims against Defendant therein set forth.