FRANKLIN INS. COMPANY<br>*vs*<br>DRAKE.

The statute of 1835 (Ses. Acts 302,) constructively repeals all prior enactments denouncing penalties against constables for failing to return executions, and Justices of the Peace alone have original jurisdiction in all such cases—right of appeal to the Circuit Court exists where the amount exceeds £5.

## The Franklin Marine and Fire Ins. Co. of Phila. *vs* James G. Drake.

### APPEAL FROM THE JEFFERSON CIRCUIT.

*Joint Tenants.   Husband and wife.   Policies of Insurance.*

JUDGE EWING delivered the Opinion of the Court.

THIS is an action of covenant instituted by Drake against the Franklin Insurance Company, to be indemnified for a loss occasioned by fire, upon a policy effected by him with the Company, on two-fifths of three three-story brick houses in Louisville. The case was submitted to the Circuit Court on an agreed statement of facts, and a judgment rendered for the plaintiff, for the whole amount insured, with interest from the time payment

COVENANT.

*Case* 24.

*September* 25.

The case stated.

2bm 47
103  414
2bm 47
113  366

FRANKLIN INS.
COMPANY.
*vs*
DRAKE.

should have been made, according to the terms of the policy, and from this judgment the Company has appealed to this Court.

So many of the facts agreed as are necessary to a determination of the points involved in this controversy, are the following.

Facts agreed in the Circuit Ct.

General Robert Breckinridge owned the three houses, on the two-fifths of which Drake affected his policy, together with other estate, and devised the one moiety thereof to James D. Breckinridge, in trust for his daughter, and the other moiety to Maria Breckinridge, in trust for the five children of Henry Breckinridge. In a division of the estate, the three houses fell to the children of H. Breckinridge, of whom Drake married one, named Margaretta, and Robert, another, sold his interest to her, by which she became entitled to two-fifths of the three houses. Drake and his wife had a living child. In this condition of the estate, the naked legal title still remaining in Maria Breckinridge, Drake, on the 20th of December, 1839, effected with the appellants an insurance of his two-fifths in said houses, for one year, viz: 1,333⅓ on each house, amounting in all to $4000. Subsequent to the insurance by Dake, to wit: on the 3d of January, 1840, Mrs. Maria Breckinridge, as trustee, effected an insurance for one year, on the three houses, with the Spring Garden Insurance Company, by a policy containing the following language, "witnesseth that the Spring Garden Fire Insurance Company have received of Maria Breckinridge, Trustee &c., seventy-six dollars premium for making insurances upon the property herein described, viz: ten thousand dollars on three three-story brick houses, occupied, &c., situated, &c., to wit: $3333 33⅓ on each building, $10,000, at ¾ per cent. and policy, $76."

This policy was effected without the authority, consent, or knowledge of Drake, nor had he any notice of it until after the buildings were consumed by fire, which happened in April, 1840, and was no party to an adjustment made between Mrs. Breckinridge and the Spring Garden Company, whereby she received $8571 50, and claiming to have insured for the three-fifths only of her infant

*cestui que trusts,* applied the whole amount towards re-building houses on the ground which, afterwards, in a division between them and Drake and wife, was allotted to them, and Drake and wife received no part of it.

It was agreed that the houses, when consumed, were worth $12,000, and they were then renting at $3600 a year, payable quarterly. It was proven by Mrs. Breckinridge and James Marshall, the agent of the Spring Garden Company, who drafted the policy for Mrs. Breckinridge, that the insurance was intended to cover the interest of the three younger children only, and that application was made to insure for their three-fifths only, and the agent notified at the time, that Drake had insured his two-fifths at the Franklin Office, and she desired to insure at $10,000, for the other three children. The competency and sufficiency of this evidence was objected to by the counsel of the defendant and the whole matter submitted to the Court.

The sixth article of the printed terms of the Franklin Office, annexed to Drake's policy, contains the following provision:

" VI. Persons insuring property at this office must " give notice of any other insurance made on their behalf " on the same, and cause such other insurance to be in-" dorsed on their policies, in which case, each office " shall be liable to the payment only of a rateable pro-" portion of any loss or damage which may be sustained; " and unless such notice is given, the insured will not be " entitled to recover in case of loss." And a similar article is contained in the printed proposals of the Spring Garden Office.

Upon these facts several questions are raised.

1st. Had Drake any insurable interest?

2nd. Placing the second insurance, or that effected by Mrs. Breckinridge, out of the question, had he a right to recover the full value of the two-fifths of the houses destroyed, not exceeding the amount insured, or only a rateable amount, to be regulated by the amount of *his* individual interest in the houses?

3d. Is his policy forfeited by his failure to give notice of the policy effected by Mrs. Breckinridge? And—

FRANKLIN INS.
COMPANY
vs
DRAKE.

Husband whose wife has title to real property as joint tenant with others and who hath had issue born alive to the husband, has such an insurable interest in the buildings thereon.

In such case the husband, in case the policy is forfeited, has a right to recover to the extent of the loss, not exceeding the amount named in the policy.

4th. Can he recover, on his policy, the whole amount insured, or only a rateable amount of his loss?

I. Drake had unquestionably an insurable *interest* in the two-fifths, and had a right to effect the policy. He had a right to the use and enjoyment of the premises or their rents, during the joint lives of himself and wife, and by the statute, (1 *Stat. Law*, 444,) would be tenant, by the courtesy, after the death of his wife: *Columbian Insurance Company* vs *Lawrence*, 2 *Peters' Rep.* 43; 1 *Phillips on Insurance*, 26; 2 *Ib.* 222–3, *and* 278.

II. We are equally clear, if his claim be unaffected by the second insurance, that he has a right to recover the whole value of the two-fifths in the houses destroyed, not exceeding the amount of his insurance.

If the assured had an insurable interest at the time of the insurance and also at the time of loss, he has a right to recover the whole amount of damage to the property, not exceeding the sum insured, without regard to the value of the assured's interest in the property. The amount of the recovery will depend on the interest *intended* to be insured, provided it be covered by the policy. A mortgagor who has mortgaged to the full value of the property, and whose equity of redemption has been sold under execution, provided he has, at the *time* of the *loss*, a right to redeem; or a lessee for years whose lease is upon the eve of expiring at the time of the loss, is entitled to re: cover the full value of the property destroyed, not exceed. ing the sum insured: 2 *Phillips on Insurance*, 278, 222; 1 *Ib.* 41, and the authorities referred to.

The undivided two-fifths in the houses was *intended* to be insured and was covered by Drake's policy, to the amount of $4000, and he had an insurable interest at the *date* of the policy, and also at the *time* of the loss, and had a right to recover the full value of the interest in the houses, not exceeding the amount of the sum insured.

The right of recovery in such case is not affected by other joint owners afterwards having their interest insured at a differ-

III. We are equally clear that his policy is not forfeited. It is contrary to the principles of justice, and cannot be deemed to have been within the contemplation of the parties, or to be required by any proper interpretation of the sixth article, that he should be made to forfeit his

whole policy, for a failure to give notice of that which was done by another, without his privity or consent, and of which he had no notice himself.

IV. And though the language of the sixth article, "any insurance made on his behalf," is broad in its terms, and in its literal import is not confined to an insurance effected by himself, or at his instance, yet we cannot believe that it was the intention of the parties, or that the article should be so construed as to apply to any other insurance than those effected by himself or by his authority expressed or implied, or subsequent sanction: 2 Phillips on Insurance, 225. If so, then might he, by the act of another, without his knowledge or consent, and even against his will, be made either to forfeit his whole policy, for a failure to give notice, or be driven to abandon his own contract, upon which he relied for indemnity, as to one half or more, and to seek indemnity against another office which might prove to be insolvent, and upon a policy which he had no hand in effecting.

The stipulation, requiring notice to be given, implies that no other policy was meant than one that was or should be effected at his instance or upon his authority.

Of such policies he must have notice and, having notice, might be required to give it to the office at which he had insured. But if the subsequent insurance, effected on his account by another without his knowledge or sanction, be embraced by the terms of the article, then is he required to do that which is impossible for him to do, and, by the literal terms of the article, subjected to a forfeiture of his policy for his failure to do it. We cannot sanction such a construction.

Mrs. Breckinridge, who was invested with the naked legal title, had the right no doubt, and it might have been her duty to insure for her three infant cestui que trusts, but it was not her duty and we are not prepared to concede that it was her right to insure for Drake, without his consent, after she was apprised that he had effected an insurance at another office. And if she had no right, then her insurance without his knowledge, authority, or subsequent recognition would not be such an insurance as is embraced

ent office, though it may be provided in the first policy that it shall be void in case any other insurance is effected on the same property without notice—such provision only applies to a second insurance by the same part owner, and not other part owners.

FRANKLIN INS.
COMPANY
*vs*
DRAKE.

Parol proof is
competent to ex-
plain the extent
of the interest in-
tended to be in-
sured by a policy
when it does not
contradict the
policy.

within the terms of the sixth article, according to our in-
terpretation of it.

But, conceding that she had a *right* to insure, we are
satisfied that the proof is entirely sufficient to establish
the fact that she *intended* only to insure the infants' three-
fifths, and did not intend to insure for Drake's interest.
And that the policy if construed to embrace it, being
drafted in a hurry late in the evening, as is proven by
Marshall, the agent, was made to embrace it by mistake.
And we are equally clear that the proof is competent.

Though in a controversy between Mrs. Breckinridge
and the Spring Garden Office, it might be incompetent
for the parties at law to set up and establish the mistake
by parol proof, we cannot doubt that even between them
a court of chancery might afford relief. And if so, and
it be conceded that Mrs. Breckinridge's policy imports an
insurance of the whole interest, we are not prepared to
concede that Drake might not, in reply to the defence set
up by the Franklin Company, that another insurance had
been effected on his behalf, set up and established by pa-
rol proof, that that insurance was not intended to embrace
his interest, and was made to embrace it by mistake. If
he could not, then might he be deprived of the full benefit
of his own contract, not only without his own authority or
consent but without the intentional act even of Mrs. Breck-
inridge.

But there is nothing in the terms of Mrs. Breckin-
ridge's policy which necessarily imports that she did in-
sure the whole property.

She, "as trustee, &c.," without stating for whom, "in-
sures ten thousand dollars on the houses," without stating
on what interest in the houses, or whether on the whole
or on a part, on the interest of the infants alone or on
their interest as well as the interest of Drake.

Now as it was her *duty* to insure for the infants, and
unquestionably not her *duty* to insure for Drake, after he
had insured, it might be fairly implied that she insured
that interest only which it was her duty to insure, and not
an interest which it was not her duty to insure, and which,
after she had notice of the prior insurance, it is question-
able whether she had the right to insure without authority.

There being nothing in the policy absolutely implying
that the *whole* was insured, and nothing in its terms which
would necessarily lead the mind of Mrs. Breckinridge,
when she effected the policy, to the conclusion, that the
whole interest was insured, we are of opinion that
there is no such absolute repugnance between the terms
of the policy and the parol proof as to render it incom-
petent to establish the fact of the interest insured or in-
tended to be insured.

Judgment of the Circuit Court affirmed with costs, &c.

*Crittenden and Wolfe* for appellants; *Guthrie* for ap-
pellee.