CASE 2—PETITION ORDINARY—SEPTEMBER 16, 1884.

# Stevenson v. Phœnix Insurance Co.

. APPEAL FROM SCOTT COURT OF COMMON PLEAS.

INSURANCE—BREACH OF CONDITION AS TO OTHER INSURANCE—VOID AND VOIDABLE POLICIES.

1. Where a policy of fire insurance contains the condition that "if the assured shall have, or shall hereafter make, any other insurance on the property hereby insured," the policy shall be void, a breach of that condition does not render the policy void, but voidable only, to be treated as void by the insurer at his own exclusive option.
2. Such a condition is broken if the insured subsequently takes out insurance on the same property, even though the policy subsequently issued be void.

W. S. DARNABY FOR APPELLANT.

1. Where a policy of insurance provides that it shall be void if the insured takes out other insurance on the property insured, the taking out of other insurance does not work a forfeiture of the first policy if the second policy, by reason of a provision to that effect, is void because of the prior insurance. The overwhelming weight of authority is to this effect, and the case of Suggs v. Liverpool, London and Globe Insurance Co., MS. Op., March 27, 1880, being in conflict therewith, should be overruled. (Flanders on Insurance, 57; Parson's Mar. Law, 2d volume, page 100; May on Insurance, 439; Wood on Fire Insurance, 586; Lindley v. Union Farmers' Mutual Insurance Co., 65 Me., 372; Philbrook v. N. E. Mut. Fire Ins. Co., 3 Me., 137; Gee v. Cheshire Mut. Fire Ins. Co., 55 N. H., 65; Gale v. The Ins. Co., 41 N. H., 170; Thomas v. Builders' Mut. Fire Ins. Co., 119 Mass., 121; Jackson v. Mass. Ins. Co., 23 Pick., 418; Clark v. New England Ins. Co., 6 Cush., 342; Barrett v. Union Ins. Co., 7 Cush., 179; Jackson v. Farmers' Ins. Co., 5 Gray, 52; Hardy v. Union Ins. Co., 4 Allen, 217; Kimball v. Howard Ins. Co., 8 Gray, 33; Stacey v. Franklin Ins. Co., 2 Watts & Sergt., 544; Mitchell v. Lycoming Mut. Ins. Co., 1 P. F. Smith, 409; Scheck v. Mer. Co. Mutual Ins. Co., 4 Zabr., 447; Knight v. Eureka Fire and Marine Ins. Co., 26 Ohio St., 664; Freeman Ins. Co. v. Holt, Rec'r, Ohio St., March, 1880; Rising Sun Ins. Co. v. Slaughter, &c., 20 Ind., 520; Overmeyer, &c., v. Globe Mutual Ins. Co., 43 Mo., 577; Hubbard v. The Hartford Ins. Co., 33 Iowa, 329; Sutherland v. Old Dominion Ins. Co., 31 Grattan, 176.)

JAMES E. CANTRILL, J. F. ASKEW, for appellee.

The subsequent insurance taken out by appellant was not void; but if it had been, that fact would not have prevented a forfeiture of the first, policy. (Suggs v. Liverpool, London and Globe Ins. Co., MS. Op., March 27, 1880.)

LINCOLN, STEPHENS and SLATTERY on same side.

1. Although a policy of insurance provides that it shall be *void* if the insured has any other insurance on the property, the fact that he has other insurance does not render the policy absolutely void; it is only voidable, and the taking out of such a policy works a forfeiture of a former policy on the same property which provides that it shall be void if the insured takes out other insurance. (Suggs v. The Liverpool and Globe Ins. Co., MS. Op., March 27, 1880; Wood on Insurance, section 65; Bigler v. N. Y. Central Ins. Co., 20 Barb., 637, and 22 N. Y., 404–406; Carpenter v. The Providence Wash. Ins. Co., 16 Pet., 508; Wing v. Harvey, 5 DeGex, McN. & G., 270; Deposit Life Ass. Co. v. Ayscough, 6 El. & Bl., 763; Lackey v. Georgia Ins. Co., 42 Ga., 459; Holbrook v. Hartford Ins. Co., 33 Iowa, 329; David v. Hartford Ins. Co., 13 Iowa, 97; Ramsay Cloth Co. v. M. F. Ins. Co., 11 Up. Can. Q. B., 522; Dafoe v. Ins. Co., 7 Up. Can. C. P., 58; Hatton v. Beacon Ins. Co., 16 Up. Can. Q. B., 317; Jacobs v. Eq. Ins. Co., 19 Up. Can. R., 253; Duclos, &c., v. Citizens' Ins. Co., 23 La. Ann., 333; Landers v. Nat. Fire Ins. Co., 25 Reporter, 792.)

2. In addition to the cases directly sustaining the case of Suggs v. The Liverpool and Globe Ins. Co., MS. Op., March 27, 1880, there are many analogous cases. (Taylor's Landlord and Tenant, section 493; Stuyvesant v. Davis, 9 Paige, 431; Clark v. Jones, 1 Denio, 518; Armstrong v. Tarquand, 9 Ir., C. L. R., 50; Doe dem Bryan v. Banks, 4 Barn. & Ald., 408; Arnsby v. Woodward, 6 Barn. & Cress., 523; Malins v. Freeman, 4 Bing., N. C., 398; McLacklan on Merchant Shipping, 320; Hyde v. Watts, 12 M. & W., 268; Arnold v. Richmond Iron Works, 1 Gray, 437; Tucker v. Moreland, 10 Pet., 69, 73; Jackson v. Gumaer, 2 Cow., 552.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellant to recover of appellee $3,000, amount of a policy of insurance issued October 25, 1877, for one year, on a dwelling-house destroyed by fire.

In the policy is contained the following condition: "If the assured shall have, or shall hereafter make

any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon,  *  *  *  then in every such case this policy shall be void."

In defense of the action it was alleged that on the same day, but after the policy was issued, the plaintiff, in violation of that condition, without the consent of the defendant written on the policy, procured from two other companies policies of insurance on the same property, aggregating $6,000, to continue in force during the same period.

In reply, it was admitted that the plaintiff did procure other insurance on the property without the defendant's consent as alleged in the answer, but it was stated that the defendant had notice thereof, and waived its right and was estopped to claim a forfeiture of the policy.

Upon the issue as to waiver made by the pleadings a verdict in favor of the plaintiff in the action for the amount sued for was rendered, and judgment entered accordingly; but upon appeal to this court the judgment of the lower court was reversed and cause remanded for a new trial, it being held in the opinion rendered that there was no evidence offered which was proper to go to the jury on the question as to waiver of the forfeiture, and that the motion for nonsuit should have been sustained. (Phœnix Ins. Co. v. Stevenson, 78 Ky., 150.)

Upon the return of the case the plaintiff in the action was permitted by the court to file two amended replies, in which it was, in substance, alleged that in each of the two policies procured by him after the

·one issued by the defendant was contained a like condition as to previous and subsequent insurance of the same property by other companies; that those policies were issued to him without any notice to, or knowledge on the part of, either of the two companies issuing them of the prior insurance by the defendant until after the house insured was destroyed by fire; and that the two policies being thus rendered invalid by the plaintiff's breach of condition contained in them, there was in fact no violation by him of the condition contained in the policy sued on.

The case is now before this court upon appeal from the judgment sustaining a general demurrer to the amended replies and dismissing the petition.

The question presented by the amended replies has heretofore been passed upon by this court in the case of Suggs v. Liverpool, London and Globe Ins. Co., MS. Opinion, March 27, 1880.

In that case the court, in rendering the opinion, used this language: "Appellant contends that the last insurance was absolutely void, and left the first in full force. He is wrong in any aspect of the case. First, the second insurance was not void, but voidable only at the option of the insurer; and second, if it were void, *ab initio*, that fact would not relieve appellant from the forfeiture resulting from a violation of the stipulations in the first policy against additional insurance."

It is thus obvious that if the opinion in that case is to be adhered to, the judgment in this case sustaining the demurrer to the amended replies must be affirmed.

Counsel for appellant refers us to several authorities holding a doctrine opposite to that announced in the opinion referred to by this court, and perhaps the weight of authority in this country may sustain him. But, on the other hand, the decision of this court is supported not only by the Supreme Court of the United States and several State courts, but by principle and reason.

In the case of Baer v. The Phœnix Ins. Co., 4 Bush, 242, where the question arose as to the proper construction to be given to a similar condition contained in a policy of fire insurance, this court said: "'The object of that condition was to assure the underwriter against over-insurance, or insurance equivalent to the entire risk, whereby the insured, relieved of all risk, might be tempted to procure the loss or to take no care to prevent it. To make it the interest of the insured as well as the insurer to avert loss, no prudent underwriter ever insures for the full value of the property, but leaves the owner so far interested in preventing the loss as to assure his fidelity and vigilance in proper care to avert it.'"

This precaution on the part of insurance companies is not only justifiable, but indispensable to their success, if not existence. For without such provision against cumulative insurance, fraud and bad faith on the part of the insured would be encouraged, and the legitimate and useful purposes of fire and marine insurance to a great extent defeated.

A contract of insurance, like any other which the law sanctions, should be enforced by the courts according to its terms and conditions. In this case a

plain and vital stipulation, which the insurer had the
right to insert in the policy, and which the assured
understanding, or having the opportunity to under-
stand, agreed to, has been deliberately violated by the
latter.    And he now asks to avoid the forfeiture which
results from such violation and is now claimed by the
insurer, upon the ground that the two subsequent poli-
cies being rendered invalid by like breach of contract
and of faith on his part, the first one is now valid
and enforceable by either party to it.

But it has been held by this court in the two cases
of Baer v. The Phœnix Ins. Co. and Sugg v. Liver-
pool, London and Globe Ins. Co., that a violation by
the assured of such a condition in a policy of insur-
ance does not render the policy absolutely void, but
simply voidable, to be treated as void by the insurer
at his own exclusive option.

The correctness of this ruling is, in our opinion,
so manifest that it is needless to enter into an ex-
tended discussion to support it; for to hold a con-
tract of insurance that has been violated by only
one of the parties to it void, or, in the language of
the pleadings, invalid, as to both, is to put it in the
power of either party, after making the contract, to
render it a nullity by simply violating some one of its
conditions.

The two policies referred to in the replies, which
were obtained subsequent to that issued by appellee,
should not, therefore, be held as void or invalid, but
only voidable at the option of the companies issuing
them.    How they have been treated by the parties
the record of this case does not show, nor is it mate-

-rial; for they were procured by appellant, either with the intention to defraud appellee, or in ignorance of the fact that, in obtaining them, he was violating his first contract and incurring a forfeiture of his first policy. And in either case we are forced to conclude he intended to avail himself of cumulative insurance upon his property, and, therefore, was exposed to the temptation to bring about the loss of his property, or at least was rendered less careful to prevent its destruction.

The object of the condition mentioned was thus defeated by the conduct of appellant, and the risk of appellee increased without its knowledge or consent.

When a contract is plain, unambiguous and fair, not vitiated by fraud nor mistake in its execution, the courts are not authorized to make for the parties to it a different one, or to construe it contrary to its express terms, especially when the consequence may be to enable one of the parties to profit by his wrongful violation of it.

The judgment is affirmed.