18,835.

THE RANDOLPH LUMBER COMPANY, *Appellant*, v. THE
WESTERN SILO COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

AGENCY—*Sales Ratified by Principal—Principal Liable for Com-
missions*. Evidence that a salesman of a manufacturing
company employed a local agent to make sales on stated
terms, and that sales made by the person so employed were
reported and filled, justifies a finding that the company is
liable for commissions according to the agreement.

Appeal from Riley district court; SAM KIMBLE,
judge. Opinion filed May 9, 1914. Reversed.

Alvin R. Springer, of Manhattan, and F. L. Williams,
of Clay Center, for the appellant.

John E. Hessin, and John Clarke Hessin, both of
Manhattan, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Randolph Lumber Company, a cor-
poration engaged in the retail lumber business at Ran-
dolph, brought action against the Western Silo Com-
pany, a corporation manufacturing and selling wooden
silos. A demurrer was sustained to the plaintiff's
evidence, and it appeals.

The petition alleged that the defendant had em-
ployed the plaintiff as its agent in making sales at a
commission of 20 and 5 per cent; that six sales had
been made, the commissions amounting to $391.20;
that the plaintiff had incurred $146.90 in expenses for
which it was entitled to reimbursement, and had been
paid $200, leaving a balance due of $338.10.

The answer alleged that the defendant had never
authorized the contract pleaded by the plaintiff; that
a salesman of the defendant had undertaken to make
such a contract with the plaintiff (except that the com-

mission was 20 per cent flat, on list prices), subject to the defendant's approval, but such approval had never been given or asked; that the plaintiff sold the six silos, and according to the terms of the contract that was being negotiated would have been entitled to commissions amounting to $355.80, except for the fact that the sales were made in each instance for less than the list price, the total difference amounting to $164, which reduced the commissions to $191.80; the two-hundred-dollar payment was admitted, and also an expense item of $131.90; a net indebtedness of $127.70 was acknowledged, for which the defendant offered to confess judgment.

The evidence was to the effect that a salesman of the defendant, assuming to have authority for the purpose, made the contract with the plaintiff as alleged in the petition; that the sales were negotiated at prices fixed by the salesman referred to, and that they were reported to and filled by the defendant.

The question involved is whether there was any evidence of authority on the part of the salesman to make the contract relied on by the plaintiff, or of facts that would preclude the defendant from denying such authority. We think the case falls within the rule that the principal can not accept the fruits of a contract made in his behalf and at the same time reject any of its burdens on the ground that it was unauthorized. (*Evans v. Insurance Co.*, 87 Kan. 641, 125 Pac. 86; *Wagon Co. v. Wilson*, 79 Kan. 633, 101 Pac. 4; *Bank of Lakin v. National Bank*, 57 Kan. 183, 45 Pac. 587.) The company could not ratify a sale made at less than the authorized price and charge the agent with the difference. (*Halloway v. Milling Co.*, 77 Kan. 76, 93 Pac. 577.) It is true there was no direct evidence that the defendant at the time of filling the orders knew the price at which the sales were made or the commission its salesman had agreed to pay to the

24—92 KAN.

local agent. These matters, at least as to the selling price, might perhaps be inferred, but in any event the jury would have been justified in finding that the salesman was acting within the apparent scope of his employment, and that the plaintiff was protected in dealing with him on the assumption that his acts were authorized. (*Townsend v. Railway Co.*, 88 Kan. 260, 128 Pac. 389.)

The judgment is reversed and a new trial ordered.