No. 19,702.

DAVID KENNEDY, *Appellant,* v. THE MENNONITE MUTUAL FIRE INSURANCE COMPANY OF KANSAS, *Appellee.*

SYLLABUS BY THE COURT.

FIRE INSURANCE—*Unsigned Application—Unauthorized Concurrent Insurance—When Contract Not Enforceable.* Assuming that circumstances existed making a provision of a fire insurance policy concerning concurrent insurance ineffective unless the application was signed by the insured, and that the policy was issued without his knowledge, upon an application to which his name was affixed without authority, after a loss had occurred he could not enforce the contract of insurance without at the same time adopting the signature made in his behalf, and thereby giving effect to the provision referred to.

Appeal from Coffey district court; WILLIAM C. HARRIS, judge. Opinion filed November 6, 1915. Affirmed.

*E. N. Connal,* and *J. M. Pleasant,* both of Burlington, for the appellant.

*J. C. Culver,* of Yates Center, and *Joe Rolston,* of Burlington, for the appellee.

The opinion of the court was delivered by

MASON, J.: David Kennedy brought an action upon a policy issued by the Mennonite Mutual Fire Insurance Company of Kansas. Payment was resisted upon the ground that the insured afterwards procured other insurance without the knowledge or consent of the insurer, and that this avoided the policy. The court directed a verdict for the defendant, and the plaintiff appeals.

The taking out of the other insurance is not disputed. A by-law of the company provided that such act should avoid the policy. The plaintiff contends that this provision was not binding on him because he had not signed the copy of the by-laws attached to the policy, such signature having been held to be necessary under the statute (Gen. Stat. 1909, § 4226) to make them a part of the contract. (*Insurance Co. v. Bank of Blue Mound*, 48 Kan. 393, 29 Pac. 576.) To this the defendant responds that the plaintiff had signed the written application for the policy, which included an agreement to be bound by the by-laws, an act that would render immaterial the absence of his signature elsewhere. (*Smith v. Insurance Co.*, 82 Kan. 697, 109 Pac. 390.) The insertion of the word "not," in the eighth line from the last in the opinion in the case just cited, is a mere clerical error, as is made obvious by the context and by the express words of the syllabus.

The insured property is designated in the policy as "all property described in copy of application hereof." The copy of the application appears on the face of the policy, immediately following the signatures of the president and secretary of the company. It concludes with an agreement of the insured to be bound by the by-laws, and with what purports to be his signature. The plaintiff testified that he never signed the application or in any way applied for the policy; that the company issued it and turned it over to a mortgagee of the property; that the agent of the company included the premium in a charge made against him for other indebtedness, and he paid it without knowing it; that he never knew of the existence of the policy until after the loss, when it was delivered to him upon payment of the mortgage. Assuming this to be true there was obviously no actual contract between the parties

unless it resulted from the plaintiff electing to ratify what had been done in his behalf and to treat the policy as though it had been properly issued upon his request. But he was required to adopt the transaction as a whole or not at all. He could not accept its benefits and repudiate its burdens. (*Lumber Co. v. Silo Co.*, 92 Kan. 368, 140 Pac. 867.) The policy was issued upon an application signed in his behalf, a copy of which (referred to in its body and set out in full on its face) contained the only description of the insured property. The provision concerning concurrent insurance was fair and usual, and was substantially a part of the policy. It would be inequitable to allow the plaintiff to enforce the contract with that important feature eliminated.

On the hearing of a motion for a new trial the plaintiff asked leave to amend his petition so as to ask a return of the premium. The request was denied on condition that the amount be paid. The defendant at once made a tender, which was refused. The omission to offer an earlier return is not significant, as it was not demanded and manifestly would not have been accepted.

The judgment is affirmed.