JAMES E. NOEL, APPELLEE, v. NATIONAL UNION FIRE INSURANCE COMPANY, APPELLANT.

FILED APRIL 21, 1933.   No. 28435.

*Crofoot, Fraser, Connolly & Stryker* and *James T. English,* for appellant.

John A. McKenzie, *contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This and a companion case, *Noel v. National Union Fire Ins. Co.,* p. 740, *post,* were argued at the same time. They were almost identical. They had the same parties and issues. They involved damages to trucks insured in the same companies, on the same dates, and damaged in the same fire. Counsel wrote their briefs before the respective transcripts and bills of exceptions were bound together. When these were so bound, the bills of exceptions were exchanged and each bound with the wrong transcript. They were thus when the cases were argued and submitted, but the court was not advised of this and had no way of discovering it save by comparison of the district court docket numbers. There was no apparent call for that detailed examination. The writer, to whom the court assigned the cases for opinions, noted small discrepancies between the allegations and the proofs and called attention to them in opinions written and released. These opinions have been published unofficially. Appellants on their motions for rehearings called attention to the exchange of the bills of exceptions. The court decided to withdraw the former opinions and to substitute others so as to cover the situation disclosed in the above recital.

Defendant fire insurance company appeals from a judgment for plaintiff. There was no service on the other defendant, Securities Investment Corporation.

March 7, 1931, National Union Fire Insurance Company issued its fire policy to plaintiff, a resident of Macedonia, Iowa, insuring his truck for one year, for an amount not exceeding $3,000, the loss payable to Securities Investment Corporation of Omaha as its interest may appear. It was damaged by fire March 16, 1931. Plaintiff claimed $2,990. The jury allowed salvage and returned a net verdict of $2,135.20 for plaintiff.

Plaintiff alleged in his petition that, after the loss occurred, he was informed for the first time that the party holding a mortgage upon the truck had taken out other insurance indemnifying said mortgagee against loss by fire. In that respect defendant set out a provision of the policy prohibiting recovery if at the time of the loss there be other insurance covering such loss, which would attach if this insurance had not been effected; and then pleaded that on November 5, 1930, the "plaintiff through his authorized agent, the Securities Investment Corporation," procured a $2,000 policy in Globe & Rutgers Fire Insurance Company, insuring the truck against loss by fire, the loss, if any, payable to plaintiff and to the Securities Investment Corporation as their interests may appear. Defendant further alleged that such action prevented recovery by plaintiff under the laws and decisions of Iowa, which were pleaded as governing the contract between plaintiff and defendant alleged to have been made in Iowa. Defendant also alleged that, prior to March 7, 1931, plaintiff had executed a chattel mortgage on the truck, which mortgage was assigned to Securities Investment Corporation, by the terms of which mortgage plaintiff authorized the mortgagee or assigns to procure insurance on the truck to cover any unpaid part of the indebtedness on said mortgage.

Plaintiff resided in Iowa, purchased the truck in Iowa, executed and delivered the chattel mortgage in Iowa, made application for the fire insurance policy, and it was delivered, in Iowa. There is nothing in the contract or in the dealings of the parties indicating any intent other

than that the insurance contract should be governed by the laws of Iowa. Generally, a contract of insurance is to be governed by the laws of the state in which it was made. *Antes v. State Ins. Co.*, 61 Neb. 55. The contract evidenced by the policy in suit is to be construed by the laws of Iowa, so far as they apply.

The evidence shows that the policy in suit contained the provision against other insurance, as pleaded by plaintiff, and that at the time of the loss the other insurance policy, in favor of the Securities Investment Corporation, was in existence. This other policy was for $2,000 limit of liability as alleged by defendant. It showed a representation that $591 was unpaid on the truck. Loss, if any, was made payable to J. E. Noel and Securities Investment Corporation as their interests may appear. Defendant proved the applicable Iowa statutes, and now further cites Iowa decisions holding that, where other or additional insurance is obtained covering the property insured, there can be no recovery by plaintiff on the policy. Section 8980, Code of Iowa, provides: "Any condition or stipulation in an application, policy, or contract of insurance, making the policy void before the loss occurs, shall not prevent recovery thereon by the insured, if it shall be shown by the plaintiff that the failure to observe such provision or the violation thereof did not contribute to the loss." But section 8981 provides: "Any condition or stipulation referring: 1. To any other insurance * * * shall not be changed or affected by the provision of the preceding section." Construing these sections, the Iowa courts seem to hold uniformly that other insurance obtained by the insured voids the policy. So, if the additional or other insurance in the Globe & Rutgers Fire Insurance Company was procured by the insured "through his authorized agent, the Securities Corporation," as alleged by defendant, plaintiff cannot recover.

However, the evidence in the record before us shows that, until after the loss, plaintiff had no knowledge this

policy had been written. He so testified and the manager of the insurance department of the Securities Investment Corporation corroborated him by stating that his company procured the policy and never notified plaintiff that it had done so. The circumstances appear in evidence to be as follows: The corporation, as assignee of chattel mortgages, held insurance policies covering this and other trucks of plaintiff. For some reason the policies were canceled. The Securities Investment Corporation notified plaintiff by letter that its insurance companies had ordered it to cancel his policies, intimated that it could not obtain policies, and demanded that he immediately procure policies, with loss clauses in favor of the mortgagee, and forward them. Later the company notified plaintiff by letter that he had not yet furnished insurance policies covering the trucks and unless he did so within ten days it would "tie up these trucks until such protection is obtained." Plaintiff testified that, upon receipt of the last letter from Securities Investment Corporation, he ordered insurance of a local agency of defendant and later received the policy in suit. He testified that he never was advised from any source, or had any knowledge, that the Globe & Rutgers Fire Insurance Company had written any insurance on the truck.

Over against this showing there is no testimony and no evidence, save the provision in the chattel mortgage requiring plaintiff to keep the property insured for not less than the mortgage and authorizing the mortgagee to procure such insurance, but the same provision requires the mortgagor "to procure such insurance himself when dealer or assigns are unable to do so." The mortgage does not require the mortgagor to deposit the insurance policy with the mortgagee. That the mortgagee held mortgages upon other trucks of plaintiff may have caused confusion resulting in the Globe & Rutgers policy for $2,000 limit of liability when the balance due on this particular mortgage was recited as only $591 at the time the policy was written.

On the facts before us this makes quite a different situation from any in the Iowa cases cited to us and we find none in that jurisdiction similar to this. We deduce from the evidence the conclusion of fact that plaintiff did not know of any other insurance on the truck when it was damaged by fire. He thought all preexisting insurance was canceled and that the mortgagee had declined to procure any further insurance. Its letter to him indicates such intention, stating it would "tie up" the trucks if he did not procure the insurance. He therefore obtained the insurance policy in suit and it protected the mortgagee by its loss clause. He acted in apparent good faith throughout. There is not even a suspicion that the fire was incendiary. The facts show it was accidental. Whatever agency the Securities Investment Corporation may have had from plaintiff to procure any insurance for plaintiff beyond its own interest was ended by its letter heretofore referred to. Its act in obtaining the Globe & Rutgers Fire Insurance Company policy was its act, unauthorized by plaintiff. That it procured the policy in favor of plaintiff with a liability in excess of the amount due on its mortgage was its own act and a matter between it and its insurance company. The Securities Investment Corporation, alleged by plaintiff and admitted by defendant to be a Nebraska corporation, was not served nor brought into court by either party. Plaintiff did not procure any "other insurance."

As a matter of law we are of the opinion that the sections of the Iowa Code are not applicable to the facts here found and that the stipulation in the policy against other insurance does not prevent the plaintiff from recovering on the policy.

Additional insurance taken out on property without the consent or knowledge of the insured is not a violation of a clause in his insurance policy making other insurance a ground of forfeiture of the policy. 14 R. C. L. 1137, sec. 318; 26 C. J. 260; *Harvey v. Pawtucket Mutual Fire*

*Ins. Co.,* 250 Mass. 164; *Glens Falls Ins. Co. v. Jacobs,* 227 Ky. 741.

It follows from what we have already stated that the court did not err in not sustaining defendant's motion to direct a verdict for defendant, made at the close of all the evidence. The evidence would not have supported a verdict for defendant. So there was no error in submitting to the jury the amount of plaintiff's loss occasioned by the partial destruction of his truck.

In its brief appellant assigns error on the ground of misconduct of plaintiff's counsel in the argument to the jury. Counsel for plaintiff was embellishing his argument to the jury with an illustration to the effect that, if one insured a house for a definite sum and it is completely destroyed, the insurer must pay the whole amount. Defendant objected. The court thereupon remarked to the jury, in substance, that counsel for plaintiff was referring to the valued policy law, which would not apply in this case. We think this fully counteracted the effect, if any, of the argument, and that the incident was not prejudicial to defendant. If defendant desired the jury to be further instructed on this subject, it should have requested an instruction. This it failed to do.

We find no prejudicial error in the record. The judgment of the district court is

AFFIRMED.