# Continental Ins. Co. v. Riggs.
# Riggs v. Springfield Fire & Marine Ins. Co.

March 14, 1939.

Chas. C. Marshall, Judge.

GORDON, LAURENT, OGDEN & GALPHIN and TODD & BEARD for Continental Ins. Co.

GILBERT & DAVIS for H. E. Riggs.

ROBERT F. MATTHEWS for Springfield Fire & Marine Ins. Co.

OPINION OF THE COURT BY JUDGE REES—Reversing.

H. E. Riggs brought this action against the Continental Insurance Company and the Springfield Fire & Marine Insurance Company to recover the amount of two fire insurance policies, one with each company. By agreement, the action was transferred from the ordinary to the equity docket. Numerous pleadings were filed, and the case was submitted to the chancellor upon an agreed stipulation of the facts. The only proof heard was the testimony of Riggs concerning the value of the personal property destroyed by the fire. The substance of the stipulation is as follows:

(1) On August 22, 1936, a policy was issued by the Continental Insurance Company in the name of H. E. Riggs, but procured by his son, Everett Riggs, in the sum of $1,200 on the home and $300 on the household furnishings of H. E. Riggs. The plaintiff did not know until after the fire that this policy had been issued, and he had not authorized his son to obtain the policy for him. The policy was issued by the Armstrong Agency. (2) On December 30, 1936, the plaintiff personally obtained from the Springfield Fire & Marine Insurance Company a policy on his household furnishings. At the time he obtained this policy he did not know of the policy already issued upon his home and household furnishings by the Continental Insurance Company. The policy obtained by plaintiff was issued by Charles Connell, agent of the Springfield Fire & Marine Insurance Company. Connell was not an agent of the Continental Insurance Company, and was not connected with the Armstrong Agency which was also an agent of the Springfield Fire & Marine Insurance Company. (3) After his property was destroyed by fire, and, upon learning of the Continental Insurance Company policy, plaintiff made claim thereon, and, upon the company's denial of liability, he brought this action to recover on the policy. (4) The value of the house was at least the sum of $1,200. The value of the personal property was disputed, and it was agreed that testimony should be taken upon this issue alone. (5) In the event judgment was rendered against the Continental Insurance Company, it was entitled to have deducted from such judgment the sum of $64.80, the unmatured and unpaid balance of the premium for the remainder of the term of the policy, and if the plaintiff was denied recovery the note was to be declared null and void.

The case having been submitted, the chancellor rendered judgment dismissing the petition as to the Springfield Fire & Marine Insurance Company and adjudging that the plaintiff recover of the Continental Insurance Company the sum of $1,405.20, it appearing that he had salvaged $30 worth of household furnishings. The Continental Insurance Company has appealed from so much of the judgment as allowed plaintiff recovery against it, and the plaintiff has appealed from that part of the judgment dismissing the petition as to the Springfield Fire & Marine Insurance Company. The appeal of the Continental Insurance Company was filed December 21, 1937. H. E. Riggs filed a copy of the judgment in the office of the Clerk of the Court of Appeals July 11, 1938, and asked that the Clerk grant an appeal and issue summons against the Springfield Fire & Marine Insurance Company. He later filed a motion to be permitted to prosecute the appeal on the record theretofore filed by the Continental Insurance Company, and the motion was sustained.

A 'motion filed by the appellee, Springfield Fire & Marine Insurance Company, to dismiss the appeal on the ground that the appellant, Riggs, failed to file his appeal within the sixty-day limit, as prescribed by the Declaratory Judgment Act, Civil Code of Practice, sections 639a—1 to 639a—12, has been passed to the merits. This motion is overruled due to the fact that there is nowhere any intimation in the record that either of the opposing parties in the lower court considered the action as one brought under the Declaratory Judgment Act, and the case was not so practiced. The purpose of the act is to make courts more serviceable in the settlement of controversies and afford relief from uncertainty and insecurity with respect to rights. It is to be liberally interpreted and administered, and should not be used as a technical bar to the administration of justice.

Both policies of insurance were filed as exhibits. The defense of each company was based upon the following clause in their respective policies. The Continental policy contains the following:

"Any other or additional insurance on the property covered by this Policy, whether valid or not, is prohibited, unless written consent by this Company is endorsed hereon, and this Company shall not be liable for any loss occurring while there is any other

insurance, whether valid or not, covering the property insured, or any part thereof, not consented to by this Company by endorsement on this Policy.''

The Springfield Fire & Marine Insurance Company policy contains this clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy.''

The Continental Insurance Company insists that when the plaintiff brought suit on its policy and ratified the act of his son in procuring the insurance, he adopted the policy as it was written, including the foregoing clause, and the policy therefore was invalidated when he took out additional insurance without notice to the appellant. The Springfield Fire & Marine Insurance Company claims that the policy issued by it was invalidated when the insured ratified the policy theretofore procured by his son, though he had no knowledge of it until after the loss. It was the contention of the plaintiff below that as the Continental Insurance Company policy was procured for him by his son as a gift and without his knowledge or consent, the nonliability clause was not a valid defense as to him, and, further, since his policy was issued through an agent who was also an agent of the Springfield Fire & Marine Insurance Company, the defendant was estopped to rely upon the nonliability clause. However, it was agreed in the stipulation that the agents who issued the two policies were not connected, though each represented the Springfield Fire & Marine Insurance Company. Neither of the agents knew that the other had issued a policy on the property in question, and, of course, information that he did not possess could not be attributed to his principal. The chancellor recited in the judgment that the plaintiff could not recover on both policies, and elected for him to recover on the policy issued by the Continental Insurance Company. In support of their defenses against liability, both the appellant, Continental Insurance Company, and the appellee, Springfield Fire & Marine Insurance Company, cite numerous authorities upholding the validity of clauses prohibiting other insurance and providing that the policy shall be void if there is other insurance on the property at the time of the

loss without the knowledge or consent of the company. In all of the cases cited, the insured had procured both policies or had consented that they be procured for his benefit, and it was properly held that such clauses were valid defenses unless notice had been given to and non-liability waived by the company. Here the Continental policy was procured for the benefit of the appellee, Riggs, by his son without his knowledge or consent, and it is admitted that he did not know of the policy's existence until after the fire. The object of nonliability clauses of this type is to prevent the moral hazard from being increased without the knowledge of the insurer, who has assumed the risk. When several policies exist upon the same property, the desire on the part of the insurer to prevent destruction by fire is greatly decreased. In Franklin Marine & Fire Insurance Company v. Drake, 41 Ky. 47, 2 B. Mon. 47, a somewhat similar situation existed except for the fact that both insurers had an insurable interest in the property. However, the reasoning of the court is apropos. One Maria Breckinridge held certain property in trust for the children of Henry Breckinridge. The plaintiff, Drake, was the husband of one of these children, and procured a policy of insurance on that part of the property in which his wife held an interest. At that time the legal title to the property was in Maria Breckinridge, and subsequent to Drake's policy she procured a policy on the property. Neither party had notice of the other's policy until after the fire. Maria Breckinridge recovered upon her policy, and Drake brought an action to recover upon his contract. His policy contained a clause providing that the Company would not be liable unless he gave notice of any other insurance to the company, and this clause was relied upon as a defense to the action. In the course of the opinion it was said:

"We are equally clear that his policy is not forfeited. It is contrary to the principles of justice, and cannot be deemed to have been within the contemplation of the parties, or to be required by any proper interpretation of the sixth article, that he should be made to forfeit his whole policy, for a failure to give notice of that which was done by another, without his privity or consent, and of which he had no notice himself.

"IV. And though the language of the sixth article, 'any insurance made on his behalf,' is broad

in its terms, and in its literal import is not confined to an insurance effected by himself, or at his instance, yet we cannot believe that it was the intention of the parties, or that the article should be so construed as to apply to any other insurance than those effected by himself or by his authority expressed or implied, or subsequent sanction: 2 Phillips on Insurance, 225. If so, then might he, by the act of another, without his knowledge or consent, and even against his will, be made either to forfeit his whole policy, for a failure to give notice, or be driven to abandon his own contract, upon which he relied for indemnity, as to one half or more, and to seek indemnity against another office which might prove to be insolvent, and upon a policy which he had no hand in effecting.''

In Joyce on Insurance, volume 4, Second Edition, section 2462a, page 4112, the author says:

''It may be reasonably deducted from the decisions that the insured will not, on the ground of breach of condition as to other insurance, lose the protection afforded by his policy where there clearly exists, bona fide, a want of knowledge or consent on his part as to other policies being issued or in existence, and which, without such want of knowledge or consent, might constitute other insurance.''

The authorities quite uniformly hold that insurance taken out on property without the consent or knowledge of the insured is not a violation of a clause in his insurance policy making other insurance a ground of forfeiture of the policy. Glens Falls Insurance Company v. Jacobs, 227 Ky. 741, 13 S. W. (2d) 1040, 76 A. L. R. 1170; Noel v. National Union Fire Insurance Company, 124 Neb. 734, 248 N. W. 86; Cooley's Briefs on Insurance, volume 3, page 2845; 14 R. C. L. 1137, section 318; 25 C. J. 260. A person cannot, however, after the property has been destroyed, accept a policy which was procured without his knowledge or consent, and which, at all times prior to the fire, he had no intention to accept, having relied up to this time upon a policy upon the same property procured by himself, without accepting all of the provisions of the policy which had been procured without his knowledge. After a loss one may ratify the act of another who had procured a policy for him without his knowledge or authority, yet if he does

so he adopts the whole policy. Stuyvesant Insurance Company v. Barkett, 226 Ky. 424, 11 S. W. (2d) 87. In Kennedy v. Mennonite Mutual Fire Insurance Company of Kansas, 96 Kan. 598, 152 P. 639, 640, the plaintiff had sued under a policy which had been procured by the mortgagee of property owned by the plaintiff without the plaintiff's knowledge or consent. The plaintiff subsequently procured a policy on the same property. He sought to avoid the provision prohibiting other insurance in the policy he was seeking to enforce, but the court denied recovery and held that he was bound by the provision against other insurance. It said:

"Assuming this to be true, there was obviously no actual contract between the parties, unless it resulted from the plaintiff electing to ratify what had been done in his behalf and to treat the policy as though it had been properly issued upon his request. But he was required to adopt the transaction as a whole, or not at all. He could not accept its benefits and repudiate its burdens. [Randolph] Lumber Company v. Silo Company, 92 Kan. 368, 140 P. 867 [Ann. Cas. 1915D, 30]. The policy was issued upon an application signed in his behalf, a copy of which (referred to in its body and set out in full on its face) contained the only description of the insured property. The provision concerning concurrent insurance was fair and usual, and was substantially a part of the policy. It would be inequitable to allow the plaintiff to enforce the contract with that important feature eliminated."

See, also, Stevenson v. Phoenix Insurance Company, 83 Ky. 7, 4 Am. St. Rep. 120.

It is the contention of appellee, Springfield Fire & Marine Insurance Company, that H. E. Riggs ratified the Continental Insurance Company's policy, and, as he cannot recover on both policies, such ratification makes the Continental policy other insurance within the meaning of the nonliability clause of the Springfield policy, and therefore renders the policy void. The nonliability clause in the Springfield policy makes the policy void "if the insured has or shall hereafter make or procure any other contract of insurance." The Continental policy having been procured by Riggs' son without his consent and of which he had no knowledge until after the fire, it cannot constitute "other insur-

ance" within the meaning of the Springfield policy. Riggs, having procured the Springfield policy himself, looked to that company and to it alone before the fire for recovery in case of loss. The policy matured the moment the fire occurred. The insured knew nothing at that time of the Continental policy, and the Springfield Fire & Marine Insurance Company became indebted to him for the amount of its policy. Its rights were not affected by the subsequent conduct of the insured. Glens Falls Insurance Company v. Jacobs, supra, is relied upon by the company in support of its contention that the insured, by suing the Continental Insurance Company, ratified the contract made with it by his son, and therefore violated the provision of the Springfield policy prohibiting additional insurance. It was intimated in the opinion in that case that ratification by the insured after the fire of a policy procured for him by another would invalidate his own policy in which other insurance was forbidden. What was said in that respect was not necessary to the decision of the case, but, be that as it may, the ratification must amount to more than a mere claim against the company which issued the policy. In the present case if the Continental policy had not contained the clause forbidding other insurance and had been enforceable, a different situation as to the Springfield policy would have been presented. The insured brought both insurers into court, and, in effect, asked the court to determine whether both were liable on their policies. He argued that both were liable, but assumed that one or the other was liable in any event. The Springfield Fire & Marine Insurance Company could not have been prejudiced by the procedure adopted to ascertain the rights of the plaintiff, and he should not be penalized by the loss of both policies merely because he sought to enforce the Continental policy.

For the reasons indicated, the judgment is reversed as to the Continental Insurance Company, with directions to dismiss the petition as to it, and the judgment dismissing the Springfield Fire & Marine Insurance Company is reversed, with directions to enter a judgment in favor of the plaintiff.