**J. P. WEBB, Appellant,**

v.

**STONEWALL INSURANCE CO., Appellee.**

Court of Appeals of Kentucky.

June 9, 1961.

F. Dale Burke, Francis M. Burke, Pikeville, for appellant.

Percy Brown, Jr., Richard F. Newell, Ogden, Brown, Robertson & Marshall, Louisville, Baird & Hays, Pikeville, for appellee.

CLAY, Commissioner.

In this suit on a fire insurance policy the trial court gave summary judgment for the insurer on the ground a condition of the policy had been breached and there was no liability.

The policy insured plaintiff's house for $3,000 and its contents for $1,500. On the front page of the policy, in the middle of a blank space, were typed the following words, "No other insurance permitted". As a matter of fact, when this policy was issued (being a renewal which increased the face amount), the plaintiff had another insurance policy on his house with another company. See Webb v. Wabash Fire & Casualty Ins. Co., Ky., 347 S.W.2d 507.

There is no ambiguity in the language used and the plaintiff admits an insurance company may properly prohibit other insurance, a matter most material to the risk in a fire insurance policy. See Baer v. Phoenix Ins. Co., 4 Bush 242, 67 Ky. 242; Continental Ins. Co. v. Riggs (Riggs v. Springfield Fire & Marine Ins. Co.), 277 Ky. 361, 126 S.W.2d 853, 121 A.L.R. 1421. The trial judge decided this provision was

a condition upon which the company assumed liability, the breach of which was a complete defense. Such adjudication is amply supported by the principles announced in Haselden v. Home Ins. Co. of New York, 247 Ky. 530, 57 S.W.2d 459; Roberts v. London & Lancanshire Ins. Co., 282 Ky. 679, 139 S.W.2d 764; and National Union Fire Ins. Co. v. Hendrix, Ky., 337 S.W.2d 875. We think those cases answer the plaintiff's general arguments found in the brief.

It is contended that if this prohibition against other insurance is to be given effect, it applies only to other insurance upon the *contents* of the dwelling because it follows this typewritten item on the face of the policy. A simple examination of the policy shows this contention to be without merit. The provision is in no way related to the separate items of coverage but is a blanket condition affecting all of the insurance.

It is further contended that if the insurance company does not inquire of the insured concerning other insurance, it cannot rely upon such a limitation. Lancaster Ins. Co. v. Monroe, 101 Ky. 12, 39 S.W. 434, and Miracle v. New York Underwriters' Ins. Co., 241 Ky. 406, 44 S.W.2d 280, are cited for this proposition. Both of those cases were decided prior to the last three cases we have above referred to. The Lancaster decision went off on the theory there was no fraudulent concealment, and the existence of a chattel mortgage on the property insured was not material to the risk. The Miracle decision was based upon ambiguities in the policy and it was construed against the insurance company. The language in both cases to the effect that there is a duty on the insurance company to make inquiry of the insured concerning all matters material to the risk appears to be dictum unsupported by any sound legal theory. Nevertheless such concept is incompatible with our more recent cases which treat the prohibition before us as a condition of liability rather than a matter of representation by the insured. To the extent those cases may be construed as excusing the violation of such a condition if the insurance company makes no inquiry concerning the subject matter thereof, they are overruled.

 It is finally argued that since the policy has a "pro rata" clause (which limits the company's liability to a proportion of the losses if there is other insurance), this in effect authorizes other insurance, contrary to the typewritten prohibition on the face of the policy. The simple answer to this contention is that the pro rata clause takes effect only if other insurance is permitted. When it is not permitted, this clause is not in conflict but simply inoperative. See Graham v. American Eagle Fire Ins. Co., 4 Cir., 182 F.2d 500.

The judgment is affirmed.