**Mace HOWARD et al., Appellants,**

v.

**RELIANCE INSURANCE COMPANY OF PHILADELPHIA, Appellee.**

Court of Appeals of Kentucky.

June 9, 1961.

Mann & Mann, Marcus Mann, Salyers-ville, for appellant.

H. R. Wilhoit, Grayson, Earl R. Cooper, Salyersville, for appellee.

CLAY, Commissioner.

This is a suit on a $3,000 fire insurance policy, which was successfully defended on the ground that at the time of the loss appellants had other insurance on their dwelling in violation of the terms of the policy.

Prior to 1955 appellants had insured their property for $2500 with the Canadian Fire Insurance Company. On February 26, 1955 they procured a $3,000 policy from appellee. This policy provided:

"*Other Insurance:* Unless otherwise provided in writing added hereto, other insurance covering on any building

which is the subject of insurance under this policy is prohibited. If during the term of this policy, the insured shall have any such other insurance, whether collectible or not, and unless permitted by written endorsement added hereto, the insurance under this policy shall be suspended and of no effect."

In January 1957 the Canadian policy expired and a new one (for $2,500) was obtained from National Union Fire Insurance Company. (It likewise contained the identical prohibition against "Other Insurance".) On June 10, 1957, when appellants' house was covered by both policies, it was destroyed by fire.

Appellants brought suit against both insurance companies. The trial court took the view that since they had other insurance on the property at the time appellee issued its policy (containing the "Other Insurance" prohibition), appellee's insurance never became effective and appellants could not recover thereon.

The suit against the other insurance company, which involves another phase of this controversy, is considered in a separate opinion, this day handed down. National Union Fire Insurance Company v. Howard, Ky., 347 S.W.2d 510.

■ Appellants' contention is that this prohibition against other insurance should not have been enforced because (1) appellants did not know it was in the insurance contract, and (2) the insurance agent did not make inquiry concerning other insurance. If the first contention were upheld, it would obviously nullify all terms and conditions of insurance contracts unfavorable to the insured. Since the policy is a written *contract*, its terms are binding on both parties, and after acceptance, the mere lack of knowledge of its contents by the insured could not furnish a sound legal basis for reforming it or voiding its provisions. See Niagara Fire Ins. Co. v. Mullins, 218 Ky. 473, 291 S.W. 760.

■ The contention that this condition of the policy was waived because the insurance agent did not inquire concerning other insurance was repudiated in Webb v. Stonewall Insurance Company, Ky., 347 S.W.2d 506. Even if this contention were sound, it is unavailing for the reason that appellants took out other insurance on the property *after* procuring appellee's policy. Initial inquiry by the insurer would not have disclosed this.

The "Other Insurance" provision states that the policy shall be suspended and of no effect "if during the term of this policy, the insured shall have any such other insurance, whether collectible or not". As a matter of fact, the existence of other insurance on the property either before or after the issuance of the policy in controversy is not the controlling consideration. The purpose of this provision is clearly to immunize the insurer against an increase in the risk of loss which might be occasioned if the insured has excessive insurance coverage on the property *at the time of the loss*. See Baer v. Phoenix Insurance Co., 4 Bush. 242, 67 Ky. 242, and Continental Ins. Co. v. Riggs (Riggs v. Springfield F. & M. Ins. Co.), 277 Ky. 361, 126 S.W.2d 853, 121 A.L.R. 1421. When appellants subsequently took out additional insurance on this property in 1957, according to the plain terms of the policy sued on, liability thereunder was suspended and continued suspended (while the other policy was ostensibly in force) through the date of the loss.

The trial court therefore properly upheld the defense on this policy.

The judgment is affirmed.