NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, Appellant,

v.

Mace HOWARD et al., Appellees.

Court of Appeals of Kentucky.

June 9, 1961.

H. R. Wilhoit, Grayson, Earl Cooper, Salyersville, for appellant.

Mann & Mann, Marcus Mann, Salyersville, for appellee.

CLAY, Commissioner.

This is a companion case to Howard v. Reliance Insurance, Company, Ky., 347 S.W.2d 508. The trial court held appellant insurance company liable on a $2500 fire insurance policy, even though, in violation of one of its provisions, at the time of the loss the property was covered by another insurance policy.

Prior to 1955 appellees had a $2500 insurance policy with the Canadian Fire Insurance Company (which did not prohibit other insurance). In 1955 it procured a $3,000 policy from the Reliance Insurance Company (which did contain a provision prohibiting other insurance). In January 1957 the earlier Canadian policy expired and appellees replaced it with appellant's insurance. This policy provided:

> "Other Insurance: Unless otherwise provided in writing added hereto, other insurance covering on any building which is the subject of insurance under this policy is prohibited. If during the term of this policy, the insured shall have any such other insurance, whether collectible · or not, and unless permitted by written endorsement added hereto, the insurance under this policy shall be suspended and of no effect."

On June 10, 1957 the insured property (a house) was destroyed by fire.

The trial court took the view that since the Canadian policy was in effect at the time appellees obtained the policy from Reliance Insurance Company in 1955, and since the Reliance policy prohibited other insurance (in the identical language above quoted), "the Reliance policy never became effective". Therefore, that policy did not constitute "other insurance" either at the time of the issuance of appellant's policy or at the time of the loss. We believe that the trial court overlooked the purpose of the "Other Insurance" provision and failed to give effect to certain significant language therein.

The purpose of prohibiting other insurance in a fire insurance policy is thus stated in Continental Ins. Co. v. Riggs (Riggs v. Springfield F. & M. Ins. Co.), 277 Ky. 361, 126 S.W.2d 853, 855, 121 A.L.R. 1421:

"The object of nonliability clauses of this type is to prevent the moral hazard from being increased without the knowledge of the insurer, who has assumed the risk. When several policies exist upon the same property, the desire on the part of the insured to prevent destruction by fire is greatly decreased."

See also Baer v. Phoenix Insurance Company, 4 Bush. 242, 67 Ky. 242.

Obviously this provision is designed to prevent excessive insurance coverage. From the standpoint of the risk, the significant fact is not how much insurance may be actually collected for a loss, *but how much insurance there is ostensibly outstanding on the property which the insured expects to collect.* (This very case suggests the possibility that appellees had their property insured for more than it was worth, which would make it of little concern to them if the house burned down—provided they collected all the insurance, which they have tried to do.)

■ Since this prohibition is aimed at lessening the risk, its purpose is not fulfilled by restricting, in a particular case, plaintiff's recovery to only one of several outstanding policies. This subsequent limitation of liability (which accrues to the benefit of other insurance companies) does not give the present defendant the precedent protection which it wrote into the policy.

■ The "Other Insurance" provision above quoted makes it very clear that the insurer sought to provide against excessive coverage, not against excessive recovery. This part of the contract significantly refers to other insurance "whether collectible or not". Such language obviously is designed to cover the precise situation before us by forestalling appellees' contention that in fact they had no "other insurance" because the other insurance company successfully defended a claim on its policy. See Howard v. Reliance Insurance Company, Ky., 347 S.W.2d 508.

Appellees rely on Kelley v. American Insurance Company, Tex.Civ.App., 316 S.W.2d 452, which lends support to the judgment in this case. However, we recently considered that case and expressly declined to follow it in National Union Fire Insurance Company v. Hendrix, Ky., 337 S.W.2d 875. Appellees rely also on Springfield Fire and Marine Ins. Co. v. Snowden, 173 Ky. 664, 191 S.W. 439. In that case a similar "Other Insurance" provision was not enforced because the insurance policy containing this provision had not been delivered to the insured and the Court found the company liable on an *oral contract* of insurance. That was an unusual case (as we observed in Niagara Fire Ins. Co. v. Mullins, 218 Ky. 473, 291 S.W. 760) but clearly it has no application here.

Appellees make the plea that they did not read their insurance policies and that it is a hardship to deny recovery on both of them. These considerations have perhaps led some courts into rather strained decisions. However, in one of our earliest cases a provision such as the one before us was recognized as a reasonable, essential, and enforceable part of a fire insurance contract. Baer v. Phoenix Insurance Company, 4 Bush. 242, 67 Ky. 242. In one of our most recent cases we decided that where two such policies prohibit or limit other insurance, the violation of these terms constitutes a valid defense on both policies. National Union Fire Insurance Company v. Hendrix, Ky., 337 S.W.2d 875. See also Graham v. American Eagle Fire Insurance Company et al., 4 Cir., 182 F.2d 500; Aetna Insurance Company of Hartford, Conn. v. Jeremiah, 10 Cir., 187 F.2d 95; Cherewaty v. Grangers Mutual Fire Insurance Company, 181 Md. 149, 28 A.2d 824, 143 A.L.R. 421.

· The judgment is reversed with directions to enter judgment for the defendant.