15938

JONES v. PRUDENTIAL INS. CO.
SAME v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES
SAME v. NEW YORK LIFE INS. CO.
(42 S. E. (2d) 331)

*Messrs. Haynsworth & Haynsworth,* of Greenville, for Appellants, cite:

*Mr. P. A. Bonham,* of Greenville, for Respondent, cites:

*Messrs. Haynsworth & Haynsworth,* of Greenville, for Appellants, in reply, cite:

April 16, 1947.

BAKER, CJ.: The respondent moved to this State in the year 1940, since which time he has remained a resident and citizen. His complaints against the respective appellants allege that he has furnished to them due proof that he is wholly and permanently disabled within the meaning of the

clause contained in each policy of insurance issued to him, with respect to such disability; and that his demand for the payment of such disability allowance provided for by the policies had been refused.

The answers of the appellants while admitting that the respondent is a resident and citizen of this State, and his age as alleged, deny that he has furnished to them due proof that he has become permanently disabled or physically or mentally incapacitated to such an extent that by reason of such disability or incapacity he is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, as is required by the provisions of the policies.

It is an admitted fact that one of the policies involved was applied for and issued to the respondent while he was a citizen of the State of Tennessee, and in two instances the policies were applied for and issued while he was a citizen of the State of Massachusetts.

By consent the cases were tried together in the Circuit Court, the issues involved being identical, and it is agreed that the record on appeal shall relate only to the case against The Prudential Insurance Company of America, the decision of this Court in the Prudential case to be binding and controlling as to the cases against The Equitable Life Assurance Society of the United States and New York Life Insurance Company. Therefore, hereinafter when we refer to appellant, such reference while being more applicable to respondent's case as to details, against The Prudential Insurance Co., will include the other two companies named above. ˙

Prior to entering upon the trial in the court below, the appellant made a motion to amend its answer by adding an additional paragraph reading as follows:

"It alleges that the plaintiff on May 1, 1924, while a resident of New Bedford, Massachusetts, applied for the policy of insurance set forth in paragraph III of the complaint, and

that the policy was delivered in that State; that the laws of the State of Massachusetts govern the construction of the contract and the interpretation of the meaning of 'total' and permanent disability as defined and used in the policy; that under the common law of the State of Massachusetts as it was at the time of making said contract, and now is, as declared by the Supreme Judicial Court of Massachusetts, disability is not total, within the terms of a policy providing for disability benefits unless the insured becomes totally and permanently disabled by bodily injury or disease and is thereby rendered wholly and continuously incapable of performing remunerative work of a substantial and not merely a trifling nature, and unless he is thereby prevented from pursuing to a substantial degree any gainful occupation as a means of livelihood."

The learned trial Judge refused to allow the amendment, solely on the ground that Section 7773 of the Code of 1942 made it mandatory to apply the law of South Carolina to the construction and interpretation of the policy, the respondent being a resident and citizen of South Carolina at the time his alleged disability arose, and having paid premiums for several years to the appellant while a resident and citizen of South Carolina, it being admitted that the appellant had complied with the South Carolina statute law permitting it to do business in this State, and was duly licensed to and was conducting business in accord therewith. In other words, the trial Judge held that the clause in the contract of insurance relating to disability must be construed and interpreted in accord with the governing law of South Carolina; and later, in the trial of the case, ruled inadmissible the proffered evidence of the construction and interpretation of similar, if not identical, clauses in insurance contracts by the Supreme Court of the State of Massachusetts—the common law of that State.

The motion was renewed during the trial to conform the answer with the admission that the respondent was a citizen and resident of Massachusetts when the contract of insur-

ance was applied for and delivered; and again it was refused.

There are two "Questions Involved" in this appeal, but as we view the matter, our decision of the first question will end our labor on this case for the present at least, possibly for all time. The said first question as stated by the appellant, and apparently acquiesced in by the respondent, is as follows:

"Was the lower Court in error in refusing to grant defendant's motion to amend its answer, solely on the ground that Section 7773 of the 1942 Code of Laws for South Carolina made it mandatory on the Court to construe the terms of the contract of insurance in accordance with the laws of South Carolina, when the contract was applied for and delivered in the State of Massachusetts, but the insured subsequently moved to South Carolina, where he paid premiums and where his alleged disability developed, and where suit was filed?"

Section 7773 of the Code of 1942 is a portion of Chapter 154, relating to the rights and privileges granted to foreign corporations, and reads:

"It shall be a further condition precedent to the right of any such corporation to do business in this State, that it shall be taken and deemed to be the fact irrebuttable, and part and parcel of all contracts entered into between such corporation and *a citizen or corporation of this State,* that the taking or receiving, from any citizen or corporation of this State, of any charge, fee, payment, toll, impost, premium or other moneyed or valuable consideration, under or in performance of any such contract, or of any condition of the same, shall constitute the doing of its corporate business within this State, and that the place of the making and of performance of such contract shall be deemed and held to be within this State, anything contained in such contract or any rules or by-laws of such corporation to the contrary notwithstanding." (Emphasis added.)

A careful study and analysis of this section of the Code leads inevitably to the conclusion that it is not apposite to the facts of this case, and that if it were the intention of the legislature to make it encompass contracts entered into in other states of the Union, the statute would apparently be in conflict with Art. 1, Sec. 10 of the United States Constitution, providing that "no state shall pass any law impairing the obligation of contracts"; and in conflict with the guaranties of the Fourteenth Amendment to the said Constitution (Art. XIV, Sec. 1, deprivation of property without due process of law). *Hartford Accident & Indemnity Co. v. Delta & Pine Land Co.*, 292 U. S. 143.

Fortunately, in this case, we do not have to pass upon the constitutionality of our statute (Section 7773 of the Code), because of the conclusion we have reached as to the intendment of the legislature in its enactment. But if we were to place the construction contended for by the respondent thereon, it may be that we would have to go further and declare the whole Act unconstitutional. The appellant would not be estopped from taking the position that the statute is unconstitutional, though not raising this issue in the court below, for the reason that the position of appellant is that the statue under discussion has no application under the facts of this case; and that correctly construed the statute is valid and binding upon contracts entered into in this State between one of its citizens and a foreign corporation licensed to do business within the State. Of course, if the position of the appellant were that the statute encompassed contracts entered into outside of this State, by reason of the fact that the foreign corporation was licensed to do business in this State, and the party with whom the contract was made thereafter became a citizen of this State, then the constitutionality of the statute could not be raised in this Court for the first time.

It is against the policy of the Court to declare a statute unconstitutional, when, by a reasonable construction, it can be harmonized with the respective consti-

tutions of the state, and of the United States. *U. S. Tire Co. v. Keystone Tire Sales Co.,* 153 S. C. 56, 150 S. E. 347.

■ We have studied the statute (Section 7773, and reproduced hereinabove) and have reached the conclusion that its enactment was not intended to in anywise change the general principle of the law of contracts which this Court has followed for many years, this principle being that the *lex loci contractu* governs the construction and interpretation of contracts, while the law of the forum governs questions of remedy and procedure. *Cantey,. Admr. v. Philadelphia Life Insurance Co.,* 166 S. C. 181, 164 S. E. 609.

Couch on Insurance, Vol. 1, Section 194, page 431, states the rule as follows:

"As stated in the preceding section, the general rule is that a contract of insurance is governed as to matters of construction bearing upon the execution, the interpretation, and validity thereof, by the law and usages of the place where made * * * and the rule that a contract is to be governed by the law of the place where it was made is not changed by the fact that the insured subsequently moves into another state where action is brought."

■ We hold that it was not the intent of the legislature in enacting the statute herein discussed to go further than to declare that contracts entered into by citizens of this State with foreign corporations licensed to do business in this State, are deemed to be made in this State, and enforceable in accord with the law of this State, any stipulation or clause in the contract to the contrary notwithstanding. In this connection, see *Owen v. Bankers Life Insurance Co.,* 84 S. C. 253, 66 S. E. 290. We cannot conceive of it being the intent of the legislature to undertake to change the law of contracts so that if a citizen of another state while such citizen, entered into a contract with a foreign corporation then or thereafter licensed to do business in South Car-

olina, and later became a citizen of this State, he would thereby *ipso facto* be included within the protection of the statute under discussion. Indeed, the statute confines its applicability to contracts *entered into with a citizen or corporation of this State.*

The appellant could not have refused to accept the payment of premiums, it mattered not from where forwarded, but the place of the entry into the contract was fixed as of the time when the contract was delivered; and so was its enforceability, subject, of course, to any change in the statutory or common law of such place.

We attach no significance to the fact that the contract of insurance contains no restrictions as to *residence,* travel and occupation. Indeed, ordinarily if the contract had undertaken to restrict respondent's place of residence, certainly insofar as the states of the Union, such restriction would have been void as contrary to public policy.

The only benefit the respondent derives from the appellant being licensed to do business in this State, and he having became a citizen of South Carolina, is that the courts here have jurisdiction to try his case, applying the law of the place where the contract was entered into as to its validity and construction. In this connection see the analogous principle announced in *Salway v. Maryland Casualty Co.,* 176 S. C. 215, 179 S. E. 787. If the law were otherwise, then especially as to insurance contracts with the larger insurance companies licensed to do business in practically every state in the Union, an insured could largely choose the state whose laws were most liberal to his cause of action, become a citizen of such state and obtain benefits to which he would not be entitled under the *lex loci contractu.* It is not inconceivable that the population of this State would thus be increased.

For the reasons stated, we are of opinion that the trial Judge committed error in refusing the motion of the appellant to be allowed to amend its answer in

the particular sought; and in refusing to admit evidence of the law of Massachusetts governing this case.

The appellant is hereby permitted to serve an amended answer on the respondent or his attorney of record, within twenty days from the filing of the remittitur herein (or notice thereof), and upon the pleadings as amended, a new trial is ordered.

Reversed and remanded.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.