813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roberta B. SINCLAIR, as Administratrix, et al, of the Estate
of Harry James Sinclair, Appellee,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,
v.
GEORGIA CASUALTY AND SURETY COMPANY, Third Party Defendant.
 No. 86-2017.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1986.
Decided Feb. 20, 1987.
 
 Before WILKINSON and WILKINS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 John P. Britton (M. Susie Dickerson; Rainey, Britton, Gibbes & Clarkson, P.A., on brief), for appellant.
 Gedney M. Howe, III (Alvin Hammer, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Nationwide appeals the district court's ruling that Plaintiff is entitled to underinsured and uninsured motorist coverage under its policy covering a company car driven by Harry Sinclair at the time of his death. Nationwide challenges the district court's application of South Carolina law and the determination that one of the vehicles at fault in the accident was uninsured. Because only issues of fact are presented in this appeal and because we cannot say the findings of the district court are clearly erroneous, we affirm.
 
 I.
 
 2
 Harry Sinclair died as a result of injuries sustained when his company car was struck by a logging truck towing another logging truck. A state court negligence action against the owners and drivers of the logging trucks resulted in an $850,000.00 verdict for Plaintiff. Since the liability limit on the logger's policy was only $300,000.00, Plaintiff sought to satisfy a portion of the state court judgment with proceeds from underinsured and uninsured motorist coverage under a Nationwide policy on the company car.
 
 
 3
 The company car was owned by a North Carolina resident and leased to Industrial Transmission, a North Carolina corporation, with its principal place of business in North Carolina. The Nationwide policy on the car was procured in North Carolina by the lessee and delivered to the insured in North Carolina. Pursuant to the terms of his employment contract, the car was provided to Sinclair, a resident of South Carolina, for use in his work as manager of a South Carolina office of Industrial Transmission. The car was driven almost exclusively in South Carolina with only brief excursions into parts of North Carolina on Sinclair's sales route. Although Sinclair was not a named insured on the policy, Nationwide was notified through its local agent that the care would be driven by Sinclair primarily in South Carolina.
 
 
 4
 The towed logging truck was a temporarily inoperable 1970 Chevrolet truck with a knuckleboom/log loader partially bolted and spot-welded to the back of it. The insurance policy on the towing truck provided liability coverage for "mobile equipment" being towed by the covered truck.
 
 II.
 
 5
 Nationwide contends that North Carolina law governs interpretation of the insurance policy on the company car, and that the district court erred in applying South Carolina law.
 
 
 6
 In diversity actions, federal courts must follow the conflict of laws rules of the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941). The South Carolina rule provides that an insurance contract is interpreted according to the law of the state where the contract is made. Jones v. Prudential Ins. Co., 210 S.C. 264, 42 S.E.2d 331 (1947). S.C. CODE ANN. Sec. 38-9-20 (Law.Co-op.1985) further provides that insurance contracts on property, lives or interests in South Carolina shall be deemed to be made in South Carolina.
 
 
 7
 The district court found as a fact that the company car was a South Carolina vehicle and the risk insured by Nationwide was located in South Carolina. Although owned by a North Carolina resident and leased to a North Carolina corporation, the car was provided to a South Carolina resident for use primarily in South Carolina. The president of Industrial Transmission and his bookkeeper both testified that Nationwide's local agent was informed that the car would be driven by Sinclair, the manager of a South Carolina office, and used primarily in South Carolina. In addition, Nationwide had previously paid a claim for property damage which occurred to the car in South Carolina, at which time a copy of Sinclair's South Carolina driver's license was provided to the agent. There was sufficient evidence of the car's connection with South Carolina and Nationwide's actual notice of that connection to support the district court's factual finding.
 
 III.
 
 8
 Nationwide contends that the truck with the attached knuckleboom/log loader was a piece of specialized mobile equipment being towed by a covered auto and, as such, was an insured vehicle under the logger's policy and not uninsured as found by the district court. Under the insurance policy on the towing logging truck, covered "mobile equipment" included any of the following types of land vehicles:
 
 
 9
 1. Specialized equipment such as: Bulldozers; Power shovels; Rollers, graders or scrapers; Farm machinery; Cranes; Street sweepers or other cleaners; Diggers; Forklifts; Pumps; Generators; Air compressors; Drills; Other similar equipment.
 
 
 10
 2. Vehicles designed for use principally off public roads.
 
 
 11
 3. Vehicles maintained solely to provide mobility for such specialized equipment when permanently attached.
 
 
 12
 4. Vehicles not required to be licensed.
 
 
 13
 5. Autos maintained for use solely on your premises or that part of roads or other accesses that adjoin your premises.
 
 
 14
 At the time of the accident, the towed vehicle consisted of an inoperable 1970 Chevrolet truck with a knuckleboom/log loader attached. The truck was designed to be self-propelled and was required to be licensed for use on public highways. It was fully operable and in running condition at the time it was bought by the loggers who intended to drive it to various logging sites. While it was inoperable, it was towed behind another truck. During oral argument, Nationwide's attorney conceded that when the 1970 truck was purchased and driven from the lot by the loggers it was uninsured for road use. The knuckleboom was attached to the truck with a series of "U" bolts and spot-welded, but it could be removed with relative ease. Under the clearly erroneous standard these facts support the district court finding that the truck with attached knuckleboom was not mobile equipment as defined in the policy.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 16
 AFFIRMED.